**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LINDABETH RIVERA, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>        Defendant. | Civil Action No.  16-2714 |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

1.      On March 1, 2016, Plaintiff Lindabeth Rivera ("Plaintiff") filed this class action lawsuit against Defendant Google, Inc. ("Defendant"), on behalf of herself and other similarly situated individuals, seeking to remedy Defendant's violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*.

2.      Defendant has not yet been served with Plaintiff's Complaint.

3.      To preserve the interests of the putative class members, as explained further below, Plaintiff, on behalf of herself and all other similarly situated, hereby moves this Court for an Order certifying the following class under Federal Rule of Civil Procedure 23 (the "Class"):

> All non-users of the Google Photos service who, while residing in the State of Illinois, had their biometric identifiers, including "face templates" (or "face prints"), collected, captured, received, or otherwise obtained by Google.

The following are excluded from the Class: (1) any Judge presiding over this action and members of her or her family; (2) Google, Google's subsidiaries, parents, successors, predecessors, and any entity in which Google or its parent has a controlling interest (as well as current or former employees, officers and directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been

585912.1

finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Google's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

4.      Plaintiff seeks to enter and continue this motion until Defendant has appeared and class discovery has been completed.  This motion is merely to provide notice to Defendant of Plaintiff's intent to seek class certification and to protect the interests of unnamed Class members.

5.      Class treatment is appropriate here because, upon information and belief, the proposed Class consists of thousands of persons.  If this case is afforded the opportunity to proceed in discovery, Plaintiff believes that the precise size (and identity and contact information) of the Class will be readily determined from documents and records maintained by Defendant. There are common questions of law and fact which predominate over individual questions, which include, but are not limited to:

(a)     whether Google collected or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

(b)     whether Google properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers or biometric information;

(c)     whether Google obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

(d)     whether Google developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(e)     whether Google used Plaintiff's and the Class's biometric identifiers or biometric information to identify them; and

(f)     whether Google's violations of the BIPA were committed intentionally, recklessly, or negligently.

2

585912.1

6.      The claims of Plaintiff are typical of the members of the Class in that Plaintiff has suffered the same type of injury stemming from the same wrongful conduct as the members of the Class.  A single resolution of these claims would be preferable to a multiplicity of similar actions.

7.      Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class she seeks to represent, she has retained counsel competent and highly experienced in complex class action litigation, and she intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

8.      The class mechanism is superior to individual claims for the fair and efficient adjudication of the claims of Plaintiff and Class members.  The class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

9.      This suit is also maintainable as a class action under Fed. R. Civ. P. 23 (b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the class as a whole.

WHEREFORE, Plaintiff respectfully requests that this Court enter a briefing schedule on the class certification motion, as it deems appropriate, after the completion of class discovery.

Dated: March 1, 2016                           Respectfully submitted,

By: */s/  Katrina Carroll*
Katrina Carroll
kcarroll@litedepalma.com
Kyle A. Shamberg
kshamberg@litedepalma.com
**LITE DEPALMA GREENBERG, LLC**
211 West Wacker Drive, Suite 500
Chicago, Illinois 60606
Telephone: (312) 750-1265

3

585912.1

**AHDOOT & WOLFSON, PC**
Robert Ahdoot*
radhoot@ahdootwolfson.com
Tina Wolfson*
twolfson@ahdootwolfson.com
Brad King*
bking@ahdootwolfson.com
1016 Palm Avenue
West Hollywood, California 90069
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

**CAREY RODRIGUEZ**
**MILIAN GONYA, LLP**
David P. Milian*
dmilian@careyrodriguez.com
Frank S. Hedin*
fhedin@careyrodriguez.com
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile:  (305) 372-7475

*Pro Hac Vice Application Forthcoming

**Counsel for Plaintiff and the Putative Class**

4

585912.1