# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDABETH RIVERA, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Civil Action No. 1:16-cv-2714<br><br>Hon. Edmond E. Chang<br><br>Magistrate Michael T. Mason |
| JOSEPH WEISS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Civil Action No. 1:16-cv-2870<br><br>Hon. Jorge L. Alonso<br><br>Magistrate Jeffrey Cole |

## PLAINTIFF LINDABETH RIVERA'S MOTION TO RELATE AND REASSIGN CASE

Plaintiff Lindabeth Rivera, by her undersigned counsel, respectfully moves this Court, pursuant to Local Rule 40.4, to enter an Order: (i) finding that the above-captioned cases, *Rivera v. Google, Inc.,* 1:16-cv-2714 (N.D. Ill. 2016) and *Weiss v. Google, Inc.*, 1:16-cv-2870 (N.D. Ill. 2016), are related; and (ii) reassigning *Weiss* to this Court's docket. In support of her motion, Plaintiff states as follows:

## PROCEDURAL HISTORY

1. *Rivera* and *Weiss* are both putative class actions based on Google's illegal practice of collecting, storing and using the "biometric identifiers" and "biometric information" without informed written consent, in direct violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). *Compare* ECF Doc. 1 (*Rivera* Class Action Complaint); *with* No. 1:16-cv-2870, ECF Doc. 1 (*Weiss* Class Action Complaint) (attached hereto as **Exhibit A**).

2. While both cases arise from the same or a substantially similar set of facts and allege that Google's conduct violated the same statute, the classes in each case are not the same. In *Rivera*, Plaintiff brings claims on behalf of herself and a class of "[a]ll non-users of the Google Photos service who, while residing in the State of Illinois, had their biometric identifiers, including 'face templates' (or 'face prints'), collected, captured, received, or otherwise obtained by Google." ECF Doc. 1, ¶ 35. In *Weiss*, however, Plaintiff seeks to represent a broader class of "[a]ll individuals who, while residing in the State of Illinois, had their biometric identifiers, including 'face templates' (or 'face prints'), collected, captured, received, or otherwise obtained by Google." Exhibit A, ¶ 36. Thus, the putative class in *Weiss* consists of both users and non-users of the Google Photos service, whereas the putative class in *Rivera* includes *only* non-users of the service.

3. Plaintiff seeks to reassign *Weiss* to this Court, as both cases relate to the same subject matter, share the same (and only) defendant, seek relief on behalf of similar classes, involve the same counsel, and raise similar claims. However, because the differing class definitions will give rise to differing defenses and, likely, motions to dismiss premised on unique

2

413826.1

and independent legal arguments, Plaintiff suggests that consolidation of the two cases is not appropriate at this time (though it may become so going forward, as explained further below).

**ARGUMENT**

**A.      *Weiss* is Related to *Rivera***

4.      Local Rule 40.4(a) provides that "two or more civil cases may be related if one or more of the following conditions are met … (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." Local Rule 40.4(a)(1)-(4) (emphasis added).  These three conditions are met here, making *Weiss* undoubtedly related to *Rivera*.

5.      As set forth above, both *Rivera* and *Weiss* involve similar facts and grow out of the same transaction or occurrence: they both arise from Google's violation of the BIPA by actively collecting, storing, and using – without providing notice, obtaining informed written consent or publishing data retention policies – the biometrics of thousands of Illinois residents. As is also set forth above, both *Rivera* and *Weiss* are class action suits involving proposed classes of Illinois residents which, though not the same, do overlap.

6.      Based on the foregoing, the Court should find that *Rivera* and *Weiss* are related pursuant to Local Rule 40.4(a).

**B.      *Weiss* Should be Reassigned to this Court's Docket**

7.      Local Rule 40.4(b) provides that a case may be reassigned if each of the following four criteria are met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later-filed case as related would be

3

likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. Local Rule 40.4(b)(1)-(4). All of these elements are met here.

8. The first element is satisfied because both *Weiss* and *Rivera* are pending in this District.

9. As for the second element, given the substantially similar factual issues involved, reassignment of *Weiss* to this Court's docket would result in a substantial saving of judicial time and effort. Given the factual and legal overlap, it would be most efficient to have both *Rivera* and *Weiss* pending before this Court.

10. With respect to the third element, reassignment will not cause any substantial delay. Google has not answered or filed any responsive pleadings in either the *Weiss* Action or the *Rivera* Action. Consequently, reassignment of *Weiss* to this Court's docket will not delay the disposition of these cases, it will streamline it.

11. The fourth element is also satisfied. The common issues of law and fact present in *Rivera* and *Weiss* render them capable of disposition in a single proceeding. *Compare* ECF Doc. 1 at ¶ 37 *with* Exhibit A at ¶ 38 (listing essentially identical common and predominate questions of law and fact).

12. As all of the requisite elements are present, this Court should reassign *Weiss* to this Court's docket pursuant to Local Rule 40.4(b).

C. **Consolidation of the *Rivera* and *Weiss* Matters Would be Premature**

13. Rule 42(a)(2) of the Federal Rules of Civil Procedure provides a trial court with the authority to consolidate separately-captioned lawsuits into one case when the actions "involve a common question of law or fact." Trial courts have broad discretion under Rule

4

42(a)(2) to determine whether to consolidate cases. *See U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945). In exercising their discretion, courts should consider whether the proposed consolidation would promote convenience and judicial economy, and whether consolidation would prejudice any party. *Id.*; *see also Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970).

14. Although Plaintiff believes that consolidation of these cases will likely be appropriate once they have progressed beyond the pleadings stage, Plaintiff anticipates, given the differences between the class definitions in each respective case, that Google's inevitable motions to dismiss will involve distinct issues making consolidation premature at this point. Specifically, Plaintiff anticipates that because the plaintiff in *Weiss* purchased Google Droid devices and is a user of the Google Photos Service, Google will attempt to compel arbitration based on its terms and conditions. This argument is not applicable to Plaintiff, who did not purchase a Google device and does not use Google Photos. While Weiss intends to vigorously oppose any such motion, resolution of the arbitration issue will not only necessitate briefing entirely independent legal issues but, to the extent the parties disagree as to the Court's subject matter jurisdiction over the claims in *Weiss*, jurisdictional discovery regarding the enforceability of any arbitration provision may be necessary. No such discovery will be needed in *Rivera*, and any motion to dismiss will revolve solely around legal issues that have already been addressed in this District. *See* Order, *Norberg v. Shutterfly, Inc., et al.*, No. 15-CV-5351 (N.D. Ill. Dec. 30, 2015) (attached hereto as **Exhibit B**).

15. Plaintiff intends to prosecute her case vigorously and would be prejudiced by any delay incurred as the parties in *Weiss* argue over separate questions of law and fact and engage in separate discovery.

16. Accordingly, Plaintiff requests that the Court reserve decision as to whether the cases should be consolidated until after resolution of Google's initial dispositive motions.

## CONCLUSION

WHEREFORE, Plaintiff Lindabeth Rivera respectfully requests that this Court enter an Order: (i) finding that the above-captioned cases, *Rivera v. Google, Inc.,* 1:16-cv-2714 and *Weiss v. Google, Inc.*, 1:16-cv-2870, are related; and (ii) reassigning *Weiss* to this Court's docket.


Dated: April 1, 2016                              Respectfully submitted,

By: */s/ Katrina Carroll*
Katrina Carroll
kcarroll@litedepalma.com
Kyle A. Shamberg
kshamberg@litedepalma.com
**LITE DEPALMA GREENBERG, LLC**
211 West Wacker Drive, Suite 500
Chicago, Illinois 60606
Telephone: (312) 750-1265

**AHDOOT & WOLFSON, PC**
Robert Ahdoot*
radhoot@ahdootwolfson.com
Tina Wolfson*
twolfson@ahdootwolfson.com
Bradley King*
bking@ahdootwolfson.com
1016 Palm Avenue
West Hollywood, California 90069
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

**CAREY RODRIGUEZ
MILIAN GONYA, LLP**
David P. Milian*
dmilian@careyrodriguez.com
Frank S. Hedin*
fhedin@careyrodriguez.com
1395 Brickell Avenue, Suite 700
Miami, Florida 33131

Telephone: (305) 372-7474
Facsimile:  (305) 372-7475

*Pro Hac Vice Application Forthcoming

**Counsel for Plaintiff and the Putative Class**