**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LINDABETH RIVERA and JOSEPH WEISS, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 16 C 02714 |
| v. | ) ) | Judge Edmond E. Chang |
| GOOGLE INC., | ) ) | |
| Defendant. | ) | |

**ORDER**

    Google's motion for an interlocutory-appeal certification [66] is denied. Before final judgment, 28 U.S.C. § 1292(b) allows district courts to certify questions for an appeal when the "judge … shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation … ." 28 U.S.C. § 1292(b). "Unless *all* these criteria are satisfied, the district court may not and should not certify its order … for an immediate appeal … ." *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000) (emphasis in original) ("There are four statutory criteria for the grant of a section 1292(b) petition … : there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." (emphases in original)).

    On whether there is a "substantial ground for difference of opinion," the prior Opinion discussed each of Google's arguments and explained why none are grounded in the statutory text. Of course, an interlocutory-appeal certification requires only a "substantial" ground for difference of opinion, not that the district court be convinced that it came this/close to getting the wrong answer. Indeed, this Court has certified a § 1292(b) appeal in a prior case, but there was Circuit authority (outside the Seventh Circuit) against the statutory and regulatory interpretation that this Court had adopted. *See Ballard v. Chicago Park Dist.*, 741 F.3d 838 (7th Cir. 2014). Here, there is literally no precedent on Google's side when it argues that, in order to qualify as a "biometric identifier," scans of face geometry must be conducted in person rather than generated from a photograph. In arguing that there is a substantial ground for difference of opinion, Google points out that the question is a matter of first impression, but not every legal question of first

impression produces a substantial ground for difference of opinion. Google also notes that this Court arrived at a different interpretation than *In re Facebook Biometric Info. Privacy Litig.,* 185 F. Supp.3d 1155, 1171 (N.D. Cal. 2016) (drawing a distinction between digital photographs and physical photographs). That is true, but that really only means that neither this Court not *Facebook* interpreted "biometric identifier" to require an in-person scan. Any difference in statutory interpretation still points away from Google's proposal.[1]

Having said all that, there is no need to definitively hold that the substantial-ground element has not been met, because the other problem is that the appeal's outcome might very well not advance the "ultimate" termination of the litigation. § 1292(b). Yes, a reversal would end the case, but an affirmance would not necessarily speed the case's end. To defend against the case, Google's dismissal motion also presented an extraterritorial-application statutory argument and a Dormant Commerce Clause argument (those arguments are also asserted in the now-filed answer). Those are substantial arguments, so an affirmance would not likely put the case in a settlement posture, whereas in other § 1292(b) instances, it is pretty obvious that an affirmance would produce a settlement as the very next step. Here, the litigation would go on. For this reason, no § 1292(b) certification will issue.

But the Court does raise, for the parties' consideration, whether the most efficient way forward is to limit discovery to the merits of the Plaintiffs' individual claims and to the defenses raised by Google, and postponing class-certification discovery. In proposed class-action cases, defendants may ask for a merits decision *before* a Rule 23 ruling, so long as the defendant is willing to forgo the preclusive effect of a victory (if the defense wins) and instead prefers to litigate one-by-one. *See Wiesmueller v. Kosobucki*, 513 F.3d 784, 787 (7th Cir. 2008) (citing *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941-42 (7th Cir. 1995)). As a case management matter, this might be the right case to take that approach. As mentioned in the prior Opinion, discovery should shed light on what is the actual conduct at issue, including where it is taking place, and should assist in evaluating the facts on potential liability as well as on Google's defenses. R. 60 at 21, 25-26, 29-30. Indeed, in its answer, Google also has asserted a lack of standing, specifically alleging that insufficient injury was sustained for Article III standing; discovery would illuminate that issue too. If, after discovery on the merits of the individual claims and on Google's defenses, the individual claims fail, then the expense of certification

---

[1] The Opinion's conclusion does not, of course, constitute an endorsement of the scope of the Biometric Information Privacy Act, and in particular the damages provisions. There is room to debate whether a mandatory-minimum damages scheme is appropriate for violations—*any* violation, on a *per* violation basis, without regard to extent of actual injury—of a statute that deals with rapidly advancing technology.

2

litigation will be saved. And if, after that limited discovery, it is possible to tee up clean legal questions for the Seventh Circuit, then perhaps a § 1292(b) certification will be appropriate at that time, because the resolution of that appeal would supply the answers on the merits of all the claims and defenses, giving rise to a much better chance at ending the case, either via a defense victory or prompting a settlement upon the case's return. Any postponement of class-certification discovery would require some sort of reasonable litigation hold so that the Plaintiffs are not prejudiced.

At the next status hearing, the Court will ask for an update on discovery, and then solicit preliminary reactions, if any, to the postponement of class-certification discovery.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: June 27, 2017