IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDABETH RIVERA, individually and on behalf of all others similarly situated, | Case No.: 1:16-cv-02714 |
| Plaintiff, | Judge: Honorable Edmond E. Chang |
| v. | Magistrate Judge Michael T. Mason |
| GOOGLE INC., | |
| Defendant. | |
| JOSEPH WEISS, individually and on behalf of all others similarly situated, | Case No.: 1:16-cv-02870 |
| Plaintiff, | Judge: Honorable Edmond E. Chang |
| v. | Magistrate Judge Michael T. Mason |
| GOOGLE INC., | |
| Defendant. | |

## MOTION FOR ENTRY OF AGREED CONFIDENTIALITY ORDER

Pursuant to this Court's Order of June 28, 2017, *see* Dkt. 77, and this Court's Case Procedures, defendant Google Inc. ("Google") informs the Court that the parties have agreed to the proposed Agreed Confidentiality Order attached as Exhibit A. As required by Form Local Civil Rule 26.2 ("Model Confidentiality Order"), the proposed Agreed Confidentiality Order reflects, in redlines, agreed changes to the text of this Court's Model Confidentiality Order.

Accordingly, Google respectfully requests that this Court accept and enter the proposed Agreed Confidentiality Order attached as Exhibit A.

DATED:  July 6, 2017                     GOOGLE INC.,


                                         By:  */s/ Susan D. Fahringer*
                                               Susan D. Fahringer

                                         **PERKINS COIE LLP**
                                         Susan D. Fahringer, *admitted pro hac vice*
                                         SFahringer@perkinscoie.com
                                         1201 Third Avenue, Suite 4900
                                         Seattle, WA 98101-3099
                                         Telephone: 206.359.8000
                                         Facsimile: 206.359.9000

                                         Debra R. Bernard (ARDC No. 6191217)
                                         DBernard@perkinscoie.com
                                         131 South Dearborn Street, Suite 1700
                                         Chicago, Illinois 60603-5559
                                         Telephone: 312.324.8400
                                         Facsimile: 312.324.9400

                                         **HOGAN LOVELLS US LLP**
                                         Neal Kumar Katyal, *admitted pro hac vice*
                                         neal.katyal@hoganlovells.com
                                         555 Thirteenth St., N.W.
                                         Washington, DC 20004
                                         Telephone: 202.637.5528
                                         Facsimile: 202.637.5910

                                         Attorneys for Defendant Google Inc.

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on July 6, 2017, I served the foregoing document, entitled **MOTION FOR ENTRY OF AGREED CONFIDENTIALITY ORDER**, upon the counsel identified below, via ECF, email service and United States mail, first class postage prepaid:

LITE DEPALMA GREENBERG, LLC
Katrina Carroll
kcarroll@litedepalma.com
Kyle A. Shamberg
kshamberg@litedepalma.com
211 West Wacker Drive, Suite 500
Chicago, Illinois 60606
Telephone: 312.750.1265

AHDOOT & WOLFSON, PC
Robert R. Ahdoot
rahdhoot@ahdootwolfson.com
Tina Wolfson
twolfson@ahdootwolfson.com
1016 Palm Avenue
West Hollywood, California 90069
Telephone: 310.474.9111

CAREY RODRIGUEZ MILIAN GONYA, LLP
David P. Milian
dmilian@careyrodriguez.com
Frank S. Hedin
fhedin@careyrodriguez.com
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: 305.372.7474

I certify under penalty of perjury that the foregoing is true and correct.

  _/s/ Danielle Ballard_____
Danielle Ballard

Executed on July 6, 2017.

CERTIFICATE OF SERVICE
136138818.1

# **<u>EXHIBIT A</u>**

~~Form LR 26.2~~

~~MODEL CONFIDENTIALITY ORDER~~ IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF ILLINOIS

> **Style Definition:** Normal: Indent: First line: 0.5", Don't add space between paragraphs of the same style, Line spacing: Double

~~)~~

~~)~~

~~Plaintiff          )~~

~~)~~

~~v.          )          Civil No.~~

~~)          District Judge~~

~~)          Magistrate Judge~~

~~)~~

~~Defendant          )~~

| | |
|---|---|
| LINDABETH RIVERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Case No.: 1:16-cv-02714<br><br>Judge: Honorable Edmond E. Chang<br><br>Magistrate Michael T. Mason |
| JOSEPH WEISS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Case No.: 1:16-cv-02870<br><br>Judge: Honorable Edmond E. Chang<br><br>Magistrate Michael T. Mason |

[Agreed]<sup>1</sup> **AGREED**Confidentiality

Order**CONFIDENTIALITY ORDER**

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order;

accordingly, it is ORDERED:

[if not fully agreed] A party to this action has moved that the Court enter a confidentiality

order. The Court has determined that the terms set forth herein are appropriate to protect the

respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

**1.** 1.    Scope. All materials produced or adduced in the course of discovery, including

initial disclosures, responses to discovery requests, deposition testimony and exhibits, and

information derived directly therefrom (hereinafter collectively "documents"), shall be

subject to this Order concerning ConfidentialProtected Information as defined below. This

Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure

on matters of procedure and calculation of time periods.

**2.** Protected Information. As used in this Order, "Protected Information" means information

that is (a) defined "Confidential Information" and designated as "CONFIDENTIAL" or (b)

defined "Highly Confidential Information" and designated as "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," including any information copied or

extracted therefrom or otherwise reflecting Protected Information in any form.

**3.** 2.    Confidential Information. As used in this Order, "Confidential Information" means

information designated as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" by

the producing party, or any non-party producing information or material voluntarily or

pursuant to a subpoena or court order, that falls within one or more of the following

categories: (a) information prohibited from disclosure by statute; (b) information that

Comment [NN1]: Note to Court: The following footnote from the Model Order has been deleted: "Counsel should include or delete language in brackets as necessary to the specific case. Any other changes to this model order must be shown by redlining that indicates both deletions and additions to the model text. Counsel may also modify this model order as appropriate for the circumstances of the case. This model order is for the convenience of the parties and the court and not intended to create a presumption in favor of the provisions in this model order and against alternative language proposed by the parties. The court will make the final decision on the terms of any order notwithstanding the agreement of the parties."

Deleted: 1<sup>1</sup>

Deleted: [if by agreement]

reveals trade secrets; (c) research, technical, commercial, marketing, sales or financial information that the party has maintained as confidential; (dc) medical information concerning any individual; (ed) personal identity information; (fe) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (gf) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

4. Highly Confidential Information. As used in this Order, "Highly Confidential Information" means extremely sensitive information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing party, or any non-party producing information or material voluntarily or pursuant to a subpoena or court order, the production of which would create a substantial risk of serious harm that could not be avoided by less restrictive means and that falls within one or more of the following categories: (a) sensitive research, technical, commercial, marketing, sales or financial information that the party has maintained as confidential;  (b) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to future products not yet commercially released and/or strategic plans; (d) trade secret, or other confidential research and development information; or (e) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.  Information or documents that are available to the public may not be designated as Highly Confidential Information.

5. 3.     Designation.Designation.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to

> **Comment [NN2]:** Note to Court: The following footnote from the Model Order has been deleted: "If protection is sought for any other category of information, the additional category shall be described in paragraph 2 with the additional language redlined to show the change in the proposed Order."
>
> **Deleted:** ²

specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the designating party must designate for protection only those parts of materials, documents, items, or oral or written communications that qualify so that other portions of the material or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routine designations are prohibited.

**a.** (a)     A party may designate a document as Confidential Information or Highly Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the ~~Confidential~~Protected Information. The marking "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be applied prior to or at the time ~~of~~ the documents are produced or disclosed. Applying the marking "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents

that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the ~~Confidential~~Protected Information are not required to be marked.

**b.** ~~(b)~~ The designation of a document as ~~Confidential~~Protected Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information or Highly Confidential Information as defined in this order.[3]

**6.** ~~4.~~ Depositions.

~~Alternative A. Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until fourteen days after delivery of the transcript by the court reporter to any party or the witness. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.~~

**Comment [NN3]:** Note to Court: The following footnote from the Model Order has been deleted: "The parties or movant seeking the order shall select one alternative for handling deposition testimony and delete by redlining the alternative provision that is not chosen."

**Deleted:** 4

---

[3] An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is admitted pro hac vice or is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

136133246.1

Alternative B. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Highly Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 6045 days after the testimony was given, whichever date is earlier. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information or Highly Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information or Highly Confidential Information, unless otherwise ordered by the Court.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Information so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment of Understanding and Agreement to Be Bound" (Attachment A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7. 5. Protection of Confidential Material and Access to Protected Information.

  a. (a) General Protections. ConfidentialProtected Information shall not be used or, disclosed, quoted, summarized, or otherwise employed by the parties, counsel for the parties or any other persons identified in subparagraph (bsubparagraphs (b) and (c) for any purpose whatsoever other than in this litigation, including any appeal thereof. [INCLUDE IN PUTATIVE CLASS ACTION CASE: In a putative

class action, ~~Confidential~~ Protected Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.~~]~~

**b.** ~~(b)~~ Limited Third-Party Disclosures of Confidential Information. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in the following subparagraphs (~~1~~i)-(~~9~~x). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

    **i.** ~~(1)~~ Outside Counsel. ~~Counsel of Record.~~ Outside counsel of record for the parties and employees of ~~counsel who have responsibility for the action~~ outside counsel of record to whom it is reasonably necessary to disclose information for this litigation;

    **ii.** In-House Counsel. In-house counsel of any party with responsibility for managing this litigation, who are members of at least one state bar in good standing and supporting personnel employed by the legal department of any party to this litigation;

    **iii.** ~~(2)~~ Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    **iv.** ~~(3)~~ The Court and its personnel;

    **v.** Court Reporters and Recorders. Court reporters and recorders engaged for depositions to whom it is reasonably necessary to disclose information for

this litigation and who have completed the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound";

**vi.** (5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents to whom disclosure is reasonably necessary for this litigation and who have completed the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound";

**vii.** (6) Consultants and Experts. Consultants, Investigators and Experts (together defined as a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a party or its counsel of record to serve as a consultant, investigator, or expert witness in this action, (2) is not a past or current employee of a party or a current employee of a party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a party or of a party's competitor).[5]

Consultants, investigators, or experts employed by counsel of record for the parties or counsel for the parties, subject to the provisions of ¶ 8 herein, to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound."

"Consultants and Experts" shall mean independent outside technical expert

---

[5] This definition is not intended to limit a party's ability to object to or challenge an expert disclosed under Federal Rule of Civil Procedure 26.

witnesses, consulting experts, or technical consultants (none of whom are employees) retained by counsel of record for the parties, who are deemed reasonably necessary to assist such counsel in connection with this litigation;

**viii.** (7) Witnesses Fact witnesses at depositions. During their depositions, fact witnesses in this action to whom disclosure is reasonably necessary. Witnesses and who have completed the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound." Fact witnesses shall not retain a copy of documents containing Confidential Information, except fact witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.;

(8)

**ix.** Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

**x.** Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**c.** Limited Third-Party Disclosures of Highly Confidential Information. The parties and counsel for the parties shall not disclose or permit the disclosure of any Highly Confidential Information to any third person or entity except as set forth in the

following subparagraphs (i)-(viii). Subject to these requirements, the following categories of persons may be allowed to review Highly Confidential Information:

i. Outside Counsel of Record. Outside counsel of record for the parties and employees of outside counsel of record to whom it is reasonably necessary to disclose information for this litigation.

ii. In-House Counsel. In-house counsel of any party with responsibility for managing this litigation, who are members of at least one state bar in good standing and supporting personnel employed by the legal department of any party to this litigation;

iii. The Court and its personnel;

iv. Court Reporters and Recorders. Court reporters and recorders engaged for depositions to whom it is reasonably necessary to disclose information for this litigation and who have completed the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound";

v. Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents to whom disclosure is reasonably necessary for this litigation and who have completed the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound";

vi. Consultants, Investigators and Experts (together defined as a person with specialized knowledge or experience in a matter pertinent to the litigation

136133246.1

who (1) has been retained by a party or its counsel of record to serve as a consultant, investigator, or expert witness in this action, (2) is not a past or current employee of a party or a current employee of a party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a party or of a party's competitor). Consultants, investigators, or experts employed by counsel of record for the parties, subject to the provisions of ¶ 8 herein, to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound." "Consultants and Experts" shall mean independent outside technical expert witnesses, consulting experts, or technical consultants (none of whom are employees) retained by counsel of record for the parties, who are deemed by the retaining counsel to be reasonably necessary to assist such counsel in connection with this litigation;

vii. Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

viii. (9) Others by Consent or Court Order. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

d. (e) Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Protected Information. Counsel shall maintain the originals of the forms signed by persons

acknowledging their obligations under this Order for a period of three years after the termination of the case.

e. Unauthorized Disclosure of Protected Information. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Order, the receiving party must immediately: (1) notify in writing the producing party of the unauthorized disclosure(s); (2) use its best efforts to retrieve all copies of the Protected Information; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (4) request that such person or persons execute the "Acknowledgment of Understanding and Agreement to Be Bound," attached hereto as Attachment A. Compliance with this paragraph upon the discovery of an unauthorized disclosure of Protected Information is mandatory and shall not excuse a violation of this Order or exempt a violating party from sanctions pursuant to ¶ 7(f) below.

f. Violations. If any party violates the limitations on the use of Protected Information as described above, the party violating this Order shall be subject to sanctions as ordered by the Court. In the event motion practice is required to enforce the terms of this Order, the prevailing party on such a motion shall be awarded costs, expenses, and fees, including attorney or other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation.

8. Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES' ONLY" Information to

136133246.1

Consultants, Investigators or Experts.  A party may not disclose Confidential or Highly Confidential information to an expert, investigator or consultant pursuant to paragraph 7(b)(6)(vii) and 7(c)(5)(vi) of this order until after the expert, investigator or consultant has signed the certification contained in Attachment A, "Acknowledgement of Understanding and Agreement to be Bound."  The party obtaining the certification must serve it on all other parties within ten days after its execution. At least ten days before the first disclosure of Confidential or Highly Confidential information to an expert, investigator or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with (1) a written identification of the general categories of information that the party seeks to disclose, and (2) a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within ten (10) days after service of the identification. Unless the parties resolve the dispute within ten (10)  days after service of the objection, the producer must move the Court promptly for a ruling, and the Confidential or Highly Confidential information may not be disclosed to the expert or consultant without the Court's approval. In any such proceeding, the Party opposing disclosure shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the material to its Consultants, Investigators, or Experts.

9.  Examinations Concerning Protected Information.  Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify

concerning all Protected Information of which such person has prior personal knowledge. Without in any way limiting the generality of the foregoing:

    **a.** A present director, officer, and/or employee of a producing party may be examined and may testify concerning all Protected Information which has been produced by that party; and

    **b.** A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

    **c.** Non-parties may be examined or testify concerning any Protected Information of a producing party, which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such Protected Information, unless the producing party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such Protected Information, then prior to the examination, the attorney must provide a signed agreement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and

136133246.1

maintain the confidentiality of Protected Information disclosed during the course of the examination.  In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information; and

**d.** Every fact witness shall be informed at the start of a deposition that he or she may be shown documents designated as Protected Information in this litigation, and that such Protected Information and the contents therein are being furnished to the witness solely for use in this litigation.  Every fact witness shall be shown a copy of this Order.  No fact witness may retain any material designated as Protected Information.

**10.** 6.        Inadvertent Failure to Designate.  An inadvertent failure to designate a document as Confidential Information or Highly Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information or Highly Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or Highly Confidential Information, even where the failure to so

designate was inadvertent and where the material is subsequently designated Confidential

Information or Highly Confidential Information.

**11.** 7. Filing of Confidential Protected Information. This Order does not, by itself,

authorize the filing of any document under seal. Any party wishing to file a document

designated as Confidential Protected Information in connection with a motion, brief or

other submission to the Court must comply with LR 26.2.

**12.** 8. No Greater Protection of Specific Documents. Except on privilege grounds not

addressed by this Order, no party may withhold information from discovery on the ground

that it requires protection greater than that afforded by this Order unless the party moves

for an order providing such special protection.

**13.** 9. Challenges by a Party to Designation as Confidential Protected Information. The

designation of any material or document as Confidential Protected Information is subject to

challenge by any party. The following procedure shall apply to any such challenge.

  **a.** (a) Meet and Confer. A party challenging the designation of

  Confidential Protected Information must do so in good faith and must begin the

  process by first providing written notice of each designation it is challenging and

  describing the basis for each challenge and then conferring directly with counsel

  for the designating party by telephone within ten (10) days of the date of service of

  notice. In conferring, the challenging party must explain the basis for its belief that

  the confidentiality designation was not proper and must give the designating party

  an opportunity to review the designated material, to reconsider the designation,

  and, if no change in designation is offered, to explain the basis for the designation.

  The designating party must respond to the challenge within five (5) business days

after conferring. The challenging party may seek judicial intervention only if it has engaged in this meet and confer process first or establishes that the designating party is unwilling to participate in good faith in the meet and confer process in a timely manner.

**b.** (b)   Judicial Intervention. A party that elects to challenge a confidentiality designation mayshall file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. within thirty (30) days of the initial notice of challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  Failure by the challenging party to make such a motion including the required declaration within 30 days shall automatically affirm the confidentiality designation for each challenged designation.  The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as ConfidentialProtected Information under the terms of this Order.

**14.** 10.    Action by the Court.  Applications to the Court for an order relating to materials or documents designated ConfidentialProtected Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**15.** 11.    Use of Confidential Documents or Protected  Information at Trial.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present ConfidentialProtected iInformation  at a hearing or trial shall bring that issue to the

Court's and parties' attention by motion or in a pretrial memorandum without disclosing the ~~Confidential~~Protected Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**16.** ~~12.~~ ~~Confidential~~ Protected Information Subpoenaed or Ordered Produced in Other Litigation.

> **a.** ~~(a)~~ If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as ~~Confidential~~Protected Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

> **b.** ~~(b)~~ The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

> **c.** ~~(c)~~ The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its ~~Confidential~~Protected Information in the court from which the subpoena or order issued. If the designating party timely seeks a protective order, the party served with a subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the

court from which the subpoena or order is issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and the expense of seeking protection in that court of its ~~Confidential~~Protected Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control ~~Confidential~~Protected Information by the other party to this case.

~~13.    Challenges by Members of the Public to Sealing Orders. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.~~

17.     Production of Information Protected by the Stored Communications Act.  Prior to any disclosure of the contents of communications, which any party believes, in good faith, are subject to the Stored Communications Act, 18 U.S.C. § 2701, *et seq.*, ("SCA Content") the parties agree to jointly request an order from the Court in the format set forth in Attachment B, the "Agreed Order Regarding Production of Documents," authorizing the disclosure and production of SCA Content.  No production of SCA Content is required or will be made until the Court has entered the Agreed Order Regarding Production of Documents, and proper consent as set forth in that order has been provided.  Prior to the disclosure of any non-content information pertaining to a Google account holder, Google will provide notice and a reasonable opportunity for that account holder to object to the disclosure.  If the account holder objects to the disclosure, no information will be produced until such objection is resolved, either by agreement or court order.

**18.** Non-Party Use of this Confidentiality Order.

    **a.** Purpose. A non-party producing discovery material voluntarily or pursuant to a subpoena or a court order may designate such discovery material as Confidential Information or Highly Confidential Information pursuant to the terms of this Confidentiality Order.

    **b.** A non-party's use of this Confidentiality Order to protect its Confidential Information or Highly Confidential Information does not entitle that non-party access to the Protected Information produced by any party or non-party in this case.

**19.** No Waiver of Privilege. Nothing in this Confidentiality Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product privilege, the common interest privilege, or any other privilege, doctrine, right, or immunity. Disclosures among defendant's attorneys of work product or other communications relating to issues of common interest shall not affect or be deemed a waiver of any applicable privilege or protection from disclosure. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection. In addition, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced.

136133246.1

**20.** 14.        Obligations on Conclusion of Litigation.

    **a.** (a)        Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    **b.** (b)        Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all ~~Confidential~~Protected Information and documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, including copies as defined in V 3¶ 5(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[56] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  Whether the Protected Information is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 63-day deadline that (1) identifies (by category, where appropriate) all the Protected Information that was returned or destroyed and (2) affirms that the

---

[56] The parties may choose to agree that the receiving party shall destroy documents containing ~~Confidential~~Protected Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include ~~Confidential~~Protected Information, or ~~Confidential~~Protected Information contained in deposition transcripts or drafts or final expert reports.

receiving party has not retained any copies, abstracts, compilations, summaries or

any other format reproducing or capturing any of the Protected Information.

**c.** (c)⸻Retention of Work Product and one set of Filed Documents.

Notwithstanding the above requirements to return or destroy documents, counsel

may retain (1) attorney work product, including an index that refers or relates to

designated Confidential Protected Information so long as that work product does

not duplicate verbatim substantial portions of Confidential Protected Information,

and (2) one complete set of all documents filed with the Court including those filed

under seal. Any retained Confidential Protected Information shall continue to be

protected under this Order. An attorney may use his or her work product in

subsequent litigation, provided that its use does not disclose or use

Confidential Protected Information.

**d.** (d)⸻Deletion of Documents filed under Seal from Electronic Case Filing (ECF)

System. Filings under seal shall be deleted from the ECF system only upon order

of the Court.

**21.** 15.⸻ Order Subject to Modification. This Order shall be subject to modification by the

Court on its own initiative or on motion of a party or any other person with standing

concerning the subject matter.

**22.** 16.⸻ No Prior Judicial Determination. This Order is entered based on the

representations and agreements of the parties and for the purpose of facilitating discovery.

Nothing herein shall be construed or presented as a judicial determination that any

document or material designated Confidential Information or Highly Confidential

Information by counsel or the parties is entitled to protection under Rule 26(c) of the

Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**23.** ~~17.~~ Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

ATTACHMENT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Civil No.
Plaintiff
Defendant

ACKNOWLEDGMENT AND

AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order

dated _____ in the above-captioned action and attached hereto, understands

the terms thereof, and agrees to be bound by its terms. The undersigned submits to the

jurisdiction of the United States District Court for the Northern District of Illinois in matters

relating to the Confidentiality Order and understands that the terms of the Confidentiality Order

obligate him/her to use materials designated as ~~Confidential~~Protected Information in accordance

with the Order solely for the purposes of the above-captioned action, and not to disclose any such

~~Confidential~~Protected Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in

penalties for contempt of court.

Name:

Job Title:

Employer:

Business Address:

Adopted 06/29/12

136133246.1

ATTACHMENT B


AGREED ORDER REGARDING PRODUCTION OF DOCUMENTS


IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDABETH RIVERA, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No.: 1:16-cv-02714 <br><br> Judge: Honorable Edmond E. Chang <br><br> Magistrate Michael T. Mason |
| JOSEPH WEISS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No.: 1:16-cv-02870 <br><br> Judge: Honorable Edmond E. Chang <br><br> Magistrate Michael T. Mason |


**AGREED ORDER REGARDING PRODUCTION OF DOCUMENTS**

This matter coming before the Court on plaintiff(s)'s and defendant(s)'s joint motion for

entry of agreed order regarding Google Inc.'s ("Google") production of certain communications

and other information, the Court FINDS and ORDERS as follows:


136133246.1

1.      **[USER'S FULL NAME]** is the registered account holder and sole authorized user of a Google Photos account with the Gmail address [username]@gmail.com (**"Photos Account"**).

2.      **[USER'S FULL NAME]** consents to Google delivering and divulging the contents of his or her Photos Account as described further below.  The court finds that this consent is sufficient pursuant to the Stored Communications Act 18 U.S.C § 2701 *et seq.*

3.      Within three (3) days of the entry of this Order, counsel for **Plaintiff** will email to the user ([username]@gmail.com) a copy of this Order.

4.      Within ten (10) days of the entry of this Order, **[USER'S FULL NAME]** shall send an email message from the user's Gmail account listed above to google-legal-support@google.com with this Order attached (**"Consent Email"**).  The **Consent Email** shall state that the user consents to Google's disclosure of _____ (e.g. specific photos, identified by photo-ID) associated with the **Photos Account** (the **"Documents"**).

5.      The **Consent Email** shall further state that the user consents to Google delivering the **Documents** to **[Recipient's name and Address]**.

6.      Within ten (10) days of the receipt of the **Consent Email**, Google shall write or otherwise record the **Documents**, to the extent any exist and are reasonably available, on a separate compact disc (CD) or other fixed medium and mail via overnight courier to:

_____ **[Recipient's name and Address]**


DATED: _____, 2016

                                        By: _____

                                        _____ Attorney for _____

IT IS SO ORDERED this ____ day of _____, 2017.

136133246.1

_____
_____ Judge