```
 1                 UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3

 4

 5    LINDABETH RIVERA and JOSEPH      )
      WEISS, individually and on       )
 6    behalf of all others similarly   )
      situated,                        )
 7                                     )
                   Plaintiffs,         )   No. 16 C 2714
 8         vs.                         )
                                       )   Chicago, Illinois
 9    GOOGLE, INC.,                    )   October 20, 2017
                                       )   9:45 o'clock a.m.
10                 Defendant.          )

11

12              TRANSCRIPT OF PROCEEDINGS - HEARING
            BEFORE THE HONORABLE JUDGE EDMOND E. CHANG
13

14

15    APPEARANCES:

16

17    For the Plaintiffs:       CAREY RODRIGUEZ O'KEEFE MILIAN
                                 GONYA, LLP
18                               MR. DAVID P. MILIAN
                                 MR. FRANK S. HEDIN
19                               1395 Brickell Ave, Suite 700
                                 Miami, FL  33131
20                               (305) 372-7474
                                 dmilian@careyrodriguez.com
21                               fhedlin@careyrodriguez.com

22
                                 AHDOOT & WOLFSON, PC
23                               MS. TINA WOLFSON (Telephonically)
                                 MR. BRADLEY K. KING
24                               10728 Lindbrook Drive
                                 Los Angeles, CA  90024
25                               (310) 474-9111
                                 bking@ahdootwolfson.com
```

2

```
 1   APPEARANCES (CONTINUED):

 2

 3      For the Defendant:        PERKINS COIE LLP
                                  MS. SUSAN D. FAHRINGER
 4                                1201 Third Avenue, Suite 4900
                                  Seattle, WA  98101
 5                                (206) 359-8000
                                  sfahringer@perkinscoie.com
 6

 7                                PERKINS COIE LLP
                                  MS. DEBRA RAE BERNARD
 8                                131 S. Dearborn St., Suite 1700
                                  Chicago, IL  60603
 9                                (312) 324-8559
                                  dbernard@perkinscoie.com
10

11                                PERKINS COIE LLP
                                  MS. SUNITA BALI (Telephonically)
12                                505 Howard Street, Suite 1000
                                  San Francisco, CA  94105
13                                (415) 344-7000
                                  sbali@perkinscoie.com
14

15

16

17

18

19

20

21

22      Court Reporter:          FEDERAL OFFICIAL COURT REPORTER
                                  MS. KRISTA BURGESON
23                                219 South Dearborn Street
                                  Chicago, Illinois 60604
24                                (312) 435-5567
                                  krista_burgeson@ilnd.uscourts.gov
25
```

1    (Whereupon, a phone call was placed in open court.)

09:43:52    2         THE COURTROOM DEPUTY:  16 C 2714, Rivera versus

09:43:57    3    Google.

09:43:59    4         THE COURT:  I will ask the lawyers in court to

09:44:00    5    announce their appearances.

09:44:02    6         MR. MILIAN:  Good morning, Your Honor.  David Milian

09:44:04    7    with Carey, Rodriguez, Milian, Gonya for the plaintiff. With

09:44:07    8    me is my colleague, Frank Hedin, and also co-counsel Brad King

09:44:09    9    of the Ahdoot Wolfson firm.

09:44:09    10         MR. HEDIN:  Good morning.

09:44:14    11         MR. KING:  Bradley King of Ahdoot & Wolfson, counsel

09:44:18    12    for plaintiffs.  Good morning, Your Honor.

09:44:18    13         MR. MILIAN:  And we also have our co-counsel, Tina

09:44:22    14    Wolfson, of the Ahdoot Wolfson firm on the phone.

09:44:27    15         THE COURT:  All right.  And then for the defense?

09:44:27    16         MS. WOLFSON:  Good morning.

09:44:28    17         MS. FAHRINGER:  Good morning, Your Honor.  Susan

09:44:29    18    Fahringer and Debra Bernard of Perkins Coie.  And with us on

09:44:33    19    the phone is Sunita Bali from Perkins Coie as well.

09:44:38    20         MS. BALI:  Good morning.

09:44:39    21         THE COURT:  All right.  Good morning.

09:44:40    22         Okay.  What is the status of the case?

09:44:41    23         MR. MILIAN:  Your Honor, from the plaintiffs'

09:44:42    24    perspective, some documents have been produced on a rolling

09:44:46    25    basis by Google.

09:44:48  1      We have been meeting and conferring as to specific

09:44:51  2  search terms that are going to be employed pursuant to the

09:44:57  3  Court's ESI order that the parties stipulated to.

09:45:02  4      We expect a letter today to go out to Google,

09:45:06  5  although we've exchanged multiple letters, we expect that

09:45:08  6  today's letter will be our final letter as to the search terms

09:45:13  7  that plaintiff believes are necessary.  We believe we're very

09:45:16  8  close, and we might have that issue resolved today or early

09:45:20  9  next week.  And if we don't, if there is any need, we'll bring

09:45:23  10  it before Your Honor as soon as we can.  But we expect the

09:45:27  11  search term issue to be resolved without any further

09:45:30  12  litigation over it.

09:45:31  13      The other issue is identifying custodians.  We've had

09:45:36  14  multiple meets and confers.  We've exchanged multiple letters

09:45:39  15  back and forth.  While we've agreed on a handful of

09:45:44  16  custodians, there is a dispute.  Plaintiff believes an

09:45:46  17  additional at least four custodians that Google has, at least

09:45:52  18  to date, stated that they are unwilling to designate as

09:45:55  19  custodians.  We believe they're necessary.

09:45:58  20      These four individuals were the authors of a paper

09:46:01  21  called the FaceNet paper, which is the paper setting forth the

09:46:05  22  details of how the technology for Google Photos and the face

09:46:09  23  recognition technology works.

09:46:11  24      It's our experience from other BIPA cases that these

09:46:17  25  types of papers and the authors of the papers and what they

09:46:20   1   did in connection and their communications are very important.

09:46:24   2        So we hope we can resolve that.  Up until this point,

09:46:26   3   we haven't been able to.  And obviously, Your Honor, if we are

09:46:30   4   unable to resolve it, we will shortly be bringing that before

09:46:33   5   Your Honor as well.

09:46:34   6        We have some running disputes.  Again, there has been

09:46:37   7   a rolling production by Google, but we still have some

09:46:40   8   disputes as to categories of documents that related

09:46:45   9   specifically to the FaceNet paper and the communications among

09:46:49  10   the authors of the FaceNet paper, and also we've raised this

09:46:55  11   as well, in light of Your Honor's order last time bifurcating

09:47:01  12   class and merits discovery, we don't believe that Google's

09:47:04  13   responses to date have clearly delineated whether or not

09:47:08  14   they're withholding documents based on their view that it

09:47:13  15   constitutes class as opposed to merits discovery.  Hopefully,

09:47:17  16   we can work that out.  We've been trying to.  And if we can't,

09:47:21  17   we'll bring it before Your Honor in the ordinary course.

09:47:24  18        The other point, one other issue that we'd like to

09:47:27  19   mention, last month in a similar BIPA case -- Your Honor

09:47:35  20   mentioned that you wanted the parties to address standing at

09:47:39  21   the earliest possible time.  In a similar BIPA case, my firm

09:47:44  22   is class counsel for the plaintiff, Monroy versus Shutterfly,

09:47:46  23   Judge Gottschall last month entered an order citing Your

09:47:50  24   Honor's order in this case on the substantive interpretation

09:47:53  25   of the statute, but also finding sue sponte that the

09:47:57 1  plaintiffs there have Article 3 standing based on privacy

09:48:00 2  violation allegations and the intent of the statute.  We're

09:48:05 3  happy to provide Your Honor with a copy of that case.

09:48:08 4      And from the plaintiffs' perspective, that's the

09:48:15 5  status of the case.

09:48:15 6      THE COURT:  All right.

09:48:16 7      And how about from the defense?

09:48:16 8      MS. FAHRINGER:  I'll take those in order.

09:48:18 9      First on search terms, I hope that the parties are

09:48:21 10  near agreement, and we certainly have been working toward that

09:48:24 11  end.  I think it is quite possible that we'll reach agreement

09:48:28 12  within the next week.

09:48:28 13      The Court should be aware that where we're at is that

09:48:31 14  I think the search terms proposed by the plaintiffs, even for

09:48:34 15  four of the custodians that we've agreed to -- we've so far

09:48:38 16  agreed to a total of seven -- for those four, it would result

09:48:42 17  in 2.5 million hits, which would take over a year to review,

09:48:46 18  and the search terms ask for things like group photos.  So we

09:48:51 19  are struggling with that issue, and we hope we can resolve it,

09:48:55 20  but we might not be able to.

09:48:56 21      Second, on custodians, the custodians that we've

09:49:00 22  proposed all have experience and knowledge and are the

09:49:05 23  pertinent custodians and the right custodians with respect to

09:49:10 24  Google Photos.

09:49:12 25      What the new custodians that the plaintiffs are

09:49:15   1   asking for, who they are, number one, is the executive
09:49:19   2   chairman of Google's parent company, Alphabet, and we think
09:49:24   3   there's no basis to seek his -- to insist on his being a
09:49:28   4   custodian.
09:49:30   5          The other three that they're seeking are the authors
09:49:32   6   of the FaceNet paper that they're referring to.  One version
09:49:37   7   of FaceNet is used in Google Photos.  We are -- our custodians
09:49:42   8   can speak to the use of FaceNet in Google Photos.  We see the
09:49:46   9   effort to name these three people as custodians to be an end
09:49:52  10   run around limiting the case to the product at issue in the
09:49:56  11   case.
09:49:57  12          So that's the nature of the dispute with the
09:49:59  13   custodians as well.
09:50:00  14          We are -- again, we have been diligently, I think,
09:50:03  15   working on trying to get a resolution, and Google has gone
09:50:06  16   ahead and produced for the four custodians that we initially
09:50:09  17   proposed and the search terms to which we can agree gone ahead
09:50:13  18   and produced those documents.
09:50:16  19          It's news to me that the plaintiffs don't think we
09:50:19  20   have clearly delineated our objections.  I don't think we
09:50:23  21   could have been any more clear in our objections, but we'll
09:50:26  22   try to resolve that as well.
09:50:27  23          Finally, as to the plaintiffs' discovery, we've also
09:50:31  24   got a few loose ends to tie up on the plaintiffs' discovery
09:50:35  25   and are awaiting some answers and further information on that.

09:50:39  1      We've asked for depositions of the plaintiffs with an

09:50:42  2  eye toward, again, prioritizing standing discovery.  We've

09:50:48  3  asked for those depositions in December.  Haven't heard back

09:50:48  4  as to dates, but hope to have those settled soon.

09:50:53  5      And we think that we should be in a position to bring

09:50:55  6  an early motion for summary judgment as soon as the discovery

09:51:00  7  of the plaintiffs is completed, which I think would probably,

09:51:03  8  based on scheduling and the holidays, probably put us at early

09:51:06  9  next year before the close of discovery.

09:51:06  10      THE COURT:  What would be the basis for the early

09:51:09  11  summary judgment motion?

09:51:10  12      MS. FAHRINGER:  Thank you, yes.

09:51:14  13      The basis would be Article 3 standing.  We think it

09:51:18  14  also would be -- I'm sorry -- Article 3 standing, and in

09:51:18  15  addition, we think it probably would be most efficient to

09:51:21  16  address a few other defenses we have that are based on the

09:51:24  17  absence of injury, that the plaintiffs aren't aggrieved under

09:51:28  18  the statute as the statute requires, and addressing liquidated

09:51:32  19  damages, whether that can be awarded without suffering any

09:51:35  20  actual damage.

09:51:36  21      And then finally, the -- there is a -- it depends on

09:51:41  22  how discovery proceeds, but there is a possibility that we'd

09:51:44  23  have one more issue be ripe for summary judgment at that

09:51:48  24  point, which is agreement to the terms of service, because we

09:51:51  25  think there is a possibility that agreement to the terms of

09:51:56  1  service would provide that California law applies would

09:52:00  2  preclude a claim under BIPA.

09:52:06  3      So that would be our -- that's our thought right now

09:52:08  4  as to what would make the most sense to try to resolve early

09:52:12  5  before trying to resolve the more tangled issues, the more

09:52:14  6  complex issues, which we would hope to have in a later summary

09:52:18  7  judgment motion with the Court's permission.

09:52:22  8      THE COURT:  All right.

09:52:23  9      Let me set some deadlines so that -- and don't worry,

09:52:30 10  I'm not granting leave for them to do that, I'll set a

09:52:34 11  deadline for that as well, but I want make sure we just keep

09:52:36 12  moving forward to March 5th as of right now.

09:52:39 13      So, to do that, the dispute over the search terms, if

09:52:43 14  you don't have resolution on that -- and by resolution I mean

09:52:49 15  if there's an agreed subset of the search terms, you ought to

09:52:53 16  run those and disclose the documents and keep moving forward

09:52:57 17  there.  But if there is some -- if some subset is still

09:53:09 18  disputed, then to just bring it to a head, let's have -- we'll

09:53:14 19  start with the plaintiff to move to compel so that you can

09:53:18 20  explain the rationale for why the search terms would generate

09:53:22 21  relevant information, and then we'll have the defense

09:53:25 22  resistance to that.

09:53:30 23      And, so let's see, if you talk for another week or

09:53:33 24  so, then let's make that motion due on October -- well, let's

09:53:39 25  say November 1, okay?

09:53:48  1          And then the response will be due November 8.

09:53:57  2          I don't know if we really need a reply on the search

09:54:01  3   term dispute.  But, let's see, the Monday after is the 13th,

09:54:10  4   so November 13 if you're going to reply on that.

09:54:16  5          Is the -- it sounds like the one custodian over which

09:54:22  6   there is not a disagreement in terms of producing for a

09:54:26  7   deposition -- right, is there one at least?

09:54:29  8          MS. FAHRINGER:  There's no deposition -- plaintiffs

09:54:31  9   haven't asked for any depositions.  This is all only

09:54:34  10  custodians for documents.

09:54:35  11         We certainly do not agree that the executive chairman

09:54:39  12  of Google's parent company should be a custodian.

09:54:43  13         THE COURT:  Yeah, no, no, I just -- maybe I -- I

09:54:46  14  understand there are custodians, but also, were these

09:54:49  15  individuals that you would then think of -- you would think

09:54:52  16  you would depose later on to understand how the technology

09:54:55  17  works?

09:54:55  18         MR. MILIAN:  We have four custodians that we've

09:54:58  19  agreed to so far, and they have produced documents.

09:55:00  20         There are an additional four custodians that the

09:55:03  21  plaintiffs would like, three of whom were authors of the

09:55:07  22  technical paper called FaceNet, which we think is critical

09:55:13  23  because it describes the technology.

09:55:15  24         The other one is, and I'd like to just very quickly,

09:55:18  25  the chairman of Google, we're not seeking to depose him, but

| | |
|---|---|
| 09:55:21 | 1 |
| 09:55:25 | 2 |
| 09:55:28 | 3 |
| 09:55:32 | 4 |
| 09:55:37 | 5 |
| 09:55:37 | 6 |
| 09:55:39 | 7 |
| 09:55:42 | 8 |
| 09:55:46 | 9 |
| 09:55:46 | 10 |
| 09:55:50 | 11 |
| 09:55:54 | 12 |
| 09:55:57 | 13 |
| 09:56:02 | 14 |
| 09:56:06 | 15 |
| 09:56:10 | 16 |
| 09:56:13 | 17 |
| 09:56:17 | 18 |
| 09:56:19 | 19 |
| 09:56:20 | 20 |
| 09:56:25 | 21 |
| 09:56:29 | 22 |
| 09:56:32 | 23 |
| 09:56:35 | 24 |
| 09:56:38 | 25 |

we think he is an important records custodian because he was
interviewed and has made statements in the public concerning
this particular technology and why it would be invasive of
privacy and why it shouldn't be rolled out.  So documents
related to that, and those are public statements that are
contained in press articles.

We think that document search should be done with
respect to that individual's documents.

Depositions would be an entirely different
discussion.

THE COURT:  Okay.  No, then that's fine.  I thought
you had put a -- you're describing these persons as custodians
for the purposes of the current dispute, that you foresaw that
they would be the likely individuals for depositions, and the
only reason I -- so I had linked those two in my mind in terms
of a future plan, and then -- but if there was some deposition
that could be taken care of -- but that's fine, so let's just
go back in time --

MR. MILIAN:  Just to clarify, we think that at least
right now everyone except for Schmidt, the CEO, would be a --
well, a future deposition that we would want to take.  Schmidt
we would leave to be determined, based on the other
depositions.  Right now, we're really disputing whether he
should be a records custodian for purposes of doing a search
of his records.

09:56:39  1    THE COURT:  Okay.  I was just trying to see if there
09:56:42  2  was a way to move forward on some piece and not others as to
09:56:46  3  this specific dispute, and right now there is not.  So we will
09:56:50  4  leave it there for now.
09:56:52  5    We have this -- okay.  So the search terms compulsion
09:57:02  6  motion schedule is set.
09:57:06  7    Then with respect to whether -- has the discussion
09:57:11  8  advanced sufficiently far enough in terms of whether certain
09:57:14  9  individuals, and maybe it's just the executive chairman, would
09:57:17  10  be subject to the search terms at all, that the -- that that
09:57:22  11  can be briefed as of November 1, or not?
09:57:26  12    MR. MILIAN:  We think that if we don't reach
09:57:29  13  agreement by -- you know, within the next week or so, that we
09:57:35  14  would want to be teeing that issue up as well.
09:57:41  15    THE COURT:  Okay.  So just include that as well.  So
09:57:44  16  it's not only a motion to compel a search using terms 1, 2, 3,
09:57:47  17  but it's also we would like these to be applied -- not just
09:57:50  18  these, but the ones that were not subject to a dispute, be
09:57:53  19  applied to certain individuals.
09:57:55  20    So we will just put that all together.
09:57:57  21    MR. MILIAN:  Very good, Your Honor.
09:58:02  22    THE COURT:  Okay.  Is that schedule realistic then
09:58:04  23  with that added issue in there?
09:58:06  24    MR. MILIAN:  Pardon me, Your Honor?
09:58:08  25    THE COURT:  Is that schedule realistic with that

09:58:11 1    added issue in there?

09:58:13 2          MR. MILIAN:  I think it works, Judge.  If you would

09:58:16 3    give us an extra week on all of those dates, that probably

09:58:19 4    would be more helpful.

09:58:20 5          MS. FAHRINGER:  The custodians are probably the

09:58:22 6    simplest part of the motion.

09:58:23 7          THE COURT:  Okay.  Well, let's just leave it here

09:58:25 8    then.  If have you a problem, you can ask for an extension.

09:58:28 9          MR. MILIAN:  And that's fine.

09:58:29 10         THE COURT:  All right.

09:58:31 11         And then, let's see, the other interim deadline -- so

09:58:40 12   the December deposition scheduling should not be a problem?

09:58:44 13         MR. MILIAN:  Judge, we would just -- it shouldn't be

09:58:48 14   a problem.  We were just provided, you know, that request last

09:58:52 15   week on Monday.  We will check with our client, and, you know,

09:58:58 16   we --

09:58:59 17         THE COURT:  Yeah.  I mean, it's two months away.  It

09:59:01 18   really should be doable.

09:59:02 19         MR. MILIAN:  It should be doable, Your Honor, no

09:59:03 20   problem.

09:59:03 21         THE COURT:  Right, and if this is the only -- because

09:59:07 22   I'm assuming at this point that for standing purposes, the

09:59:10 23   plaintiffs need not engage in any discovery, right?

09:59:13 24         MR. MILIAN:  I don't -- I don't agree with that,

09:59:16 25   Judge.

09:59:17  1      I think that before a summary judgment motion is

09:59:20  2  brought on any issue, discovery as to those issues should be

09:59:24  3  complete, and it may very well be that based on the discovery

09:59:28  4  we receive from Google that there are admissions contained in

09:59:32  5  those documents as to the privacy intrusion, the level of the

09:59:35  6  privacy intrusion, those things that go directly to what would

09:59:39  7  be our primary argument on why there is standing.

09:59:42  8      THE COURT:  Okay.  So you are pursuing that now

09:59:45  9  though?

09:59:45  10     MR. MILIAN:  We are.  We're in the process of

09:59:47  11 pursuing that now.

09:59:48  12     THE COURT:  Okay.

09:59:48  13     MR. MILIAN:  But we don't have a conclusion date as

09:59:51  14 to when all those documents are going to be produced.

09:59:54  15     THE COURT:  Okay.

10:00:00  16     So it is -- let's see.  I'm trying to set these

10:00:05  17 incentives just correctly here.

10:00:09  18     If you want to obtain authorization for an early

10:00:18  19 summary judgment motion, and we're kind of calling it that,

10:00:23  20 even though it's jurisdictional, only because there's some

10:00:27  21 fact finding to be done, but if you want to do that without

10:00:30  22 getting a 56(d) response from them, then you need to

10:00:36  23 prioritize and be as forthcoming on those standing-specific

10:00:41  24 issues as soon as practicable.

10:00:58  25     And out of all the issues that were mentioned in the

| | | |
|---|---|---|
| 10:01:01 | 1 | potential -- a potential early summary judgment motion, that's |
| 10:01:05 | 2 | the one that by law ought to be elevated, first and foremost. |
| 10:01:11 | 3 | I'd be much more skeptical about other statutory issues, |
| 10:01:18 | 4 | especially damages issues, being briefed earlier rather than |
| 10:01:22 | 5 | later unless there can be a convincing case that it would help |
| 10:01:28 | 6 | resolve the case. |
| 10:01:31 | 7 | So that I think I will just flag, that you need to |
| 10:01:38 | 8 | seek leave and explain why those issues are not only factually |
| 10:01:47 | 9 | ready for summary judgment and that discovery is complete on |
| 10:01:54 | 10 | those issues, but also why we ought to take the time to |
| 10:01:57 | 11 | consume everyone's resources before the usual -- in the |
| 10:02:00 | 12 | ordinary course, where you close discovery and then have the |
| 10:02:03 | 13 | dispositive motion. |
| 10:02:05 | 14 | Now, on standing, though, because that is -- |
| 10:02:09 | 15 | obviously goes to subject matter jurisdiction, I'm just trying |
| 10:02:19 | 16 | to think whether I ought to set an interim deadline to get |
| 10:02:31 | 17 | that discovery done. |
| 10:02:31 | 18 | What do you think about doing something like that? |
| 10:02:34 | 19 | MS. FAHRINGER: (Nodding head.) |
| 10:02:35 | 20 | MR. MILIAN: That's fine, Your Honor. |
| 10:02:36 | 21 | MS. FAHRINGER: We would be in favor of that. |
| 10:02:38 | 22 | THE COURT: Well, and what timing would you think? |
| 10:02:40 | 23 | MS. FAHRINGER: End of December. |
| 10:02:41 | 24 | MR. MILIAN: That's fine. That works. |
| 10:02:42 | 25 | MS. FAHRINGER: It depends, of course, on what -- on |

10:02:46  1   what it is that you -- that the plaintiffs identify as needing

10:02:49  2   for that discovery.  We don't know the answer to that right

10:02:52  3   now, so --

10:02:53  4        THE COURT:  All right.  So the -- that's why -- and I

10:02:56  5   do think, from the defense perspective, the only discovery

10:02:59  6   that you need is taking the plaintiffs' depositions.

10:03:05  7        MS. FAHRINGER:  (Nodding head.)

10:03:06  8        THE COURT:  Okay.  So, yeah, let's definitely get

10:03:08  9   that done obviously before -- all right.  So I'll call it

10:03:12  10  December -- 11, 18, 25, 29 -- all right.  So December 29 will

10:03:27  11  be an interim deadline to conclude any standing -- any

10:03:31  12  discovery needed for standing purposes.

10:03:36  13       Yeah, and if you want to avoid ruining your holidays,

10:03:40  14  you know, please accelerate that.  I'm not trying to set that

10:03:42  15  deadline as, you know, some -- out of some cruelty.  But

10:03:45  16  the -- for it to make any sense before March 5th, it does have

10:03:49  17  to be in advance of --

10:03:53  18       MR. MILIAN:  Absolutely, Your Honor.

10:03:55  19       THE COURT:  -- March 5th to make sense that if it's

10:03:57  20  truly something that is a problem, then we can resolve it

10:03:59  21  sooner rather than later.

10:04:00  22       MR. MILIAN:  Judge, I also heard, I think, for the

10:04:02  23  first time an argument that the defendant intends to raise

10:04:05  24  regarding the choice of law and venue as to --

10:04:08  25       MS. FAHRINGER:  Not venue.

10:04:09   1          MR. MILIAN:  It's just choice of law?  And we think
10:04:12   2   that that's been waived.
10:04:14   3          That's our position, but we are happy to, you know,
10:04:17   4   meet and confer before any motion on, you know, which choice
10:04:21   5   of law applies.
10:04:24   6          THE COURT:  Yeah, no, I remember flagging something
10:04:26   7   about this way earlier, but -- okay.  It's not something that
10:04:29   8   we can necessarily resolve now.
10:04:38   9          Oh, that, too, you were waiting for the depositions
10:04:40  10   and --
10:04:40  11          MS. FAHRINGER:  I'm sorry?
10:04:44  12          THE COURT:  Were you waiting on the plaintiffs'
10:04:46  13   depositions --
10:04:46  14          MS. FAHRINGER:  Right.
10:04:46  15          THE COURT:  -- to make a final decision on that?
10:04:49  16          Okay.  I think those are the only interim deadlines
10:04:57  17   that make sense to set right now.
10:04:59  18          So let's set a status then for the week of --
10:05:14  19   actually, let's see.  So November 20th is the Monday of
10:05:17  20   Thanksgiving week.  Can you make a status?  You can appear by
10:05:22  21   phone if you want.
10:05:23  22          MR. MILIAN:  If we can appear by phone, that would be
10:05:25  23   fine, Your Honor.
10:05:26  24          THE COURT:  Okay.
10:05:28  25          MR. MILIAN:  And we can have our local counsel

| | | |
|---|---|---|
| 10:05:31 | 1 | present in the courtroom as well. |
| 10:05:32 | 2 | THE COURT:  Yeah, my guess is that the briefing on |
| 10:05:34 | 3 | the motion to compel the search terms will be sufficiently |
| 10:05:37 | 4 | thorough, and then I may decide it without any additional |
| 10:05:40 | 5 | argument altogether, but I just want to have that date kind of |
| 10:05:44 | 6 | as a placeholder. |
| 10:05:45 | 7 | But if I end up needing it, then you can participate |
| 10:05:48 | 8 | by phone.  That's not a problem. |
| 10:05:51 | 9 | So I guess we can just pick a time on November 20, |
| 10:05:54 | 10 | Sandra. |
| 10:05:54 | 11 | THE COURTROOM DEPUTY:  We can do 9:30, Judge. |
| 10:06:00 | 12 | THE COURT:  All right. |
| 10:06:02 | 13 | Okay.  Anything else for today? |
| 10:06:03 | 14 | MR. MILIAN:  Not today.  Thank you, Your Honor. |
| 10:06:05 | 15 | MS. FAHRINGER:  No, Your Honor. |
| 10:06:06 | 16 | THE COURT:  Okay.  Thank you. |
| 10:06:06 | 17 | MR. MILIAN:  Thank you, Your Honor. |
| 10:06:08 | 18 | MS. FAHRINGER:  Thank you. |
| | 19 | |
| | 20 | (Proceedings concluded.) |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

1    C E R T I F I C A T E

2         I certify that the foregoing is a correct transcript

3    from the record of proceedings in the above-entitled matter.

4

5    /s/Krista Burgeson, CSR, RMR, CRR      January 15, 2018
     Federal Official Court Reporter       Date

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25