**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LINDABETH RIVERA, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:16-cv-2714<br><br>Hon. Edmond E. Chang<br><br>Magistrate Michael T. Mason |
| JOSEPH WEISS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:16-cv-02870<br><br>Hon. Edmond E. Chang<br><br>Magistrate Michael T. Mason |

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Plaintiffs, Lindabeth Rivera and Joseph Weiss (collectively, "Plaintiffs") in the above-named cases, appeal to the United States Court of Appeals for the Seventh Circuit from the memorandum opinion and order (Dkt. 206 (sealed); Dkt. 207 (public redacted version)) and final judgment (Dkt. 208) dismissing Plaintiffs' claims for lack of subject matter jurisdiction, entered on December 29, 2018 in Case No. 1:16-cv-2714.

Respectfully submitted,

Dated: January 24, 2019

*/s/ Tina Wolfson*
**AHDOOT & WOLFSON, PC**
Tina Wolfson, *admitted pro hac vice*
twolfson@ahdootwolfson.com
Robert R. Ahdoot, *admitted pro hac vice*

1

radhoot@ahdootwolfson.com
Theodore W. Maya, *admitted pro hac vice*
tmaya@ahdootwolfson.com
Bradley K. King, *admitted pro hac vice*
bking@ahdootwolfson.com
10728 Lindbrook Drive
Los Angeles, California 90024
Telephone: (310) 474-9111

**CAREY RODRIGUEZ**
**MILIAN GONYA, LLP**
David P. Milian, *admitted pro hac vice*
dmilian@careyrodriguez.com
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474

**LITE DEPALMA GREENBERG, LLC**
Katrina Carroll
kcarroll@litedepalma.com
Kyle A. Shamberg
kshamberg@litedepalma.com
211 West Wacker Drive, Suite 500
Chicago, Illinois 60606
Telephone: (312) 750-1265

*Attorneys for Plaintiffs and the Putative Class*

| | | |
|---|---|---|
| LINDABETH RIVERA and JOSEPH WEISS, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 16 C 02714 |
| v. | ) ) | Judge Edmond E. Chang |
| GOOGLE, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Under the Illinois Biometric Privacy Act, a private entity cannot collect or store certain kinds of biometric information, including face-geometry scans, without first obtaining consent or providing certain disclosures. 740 ILCS 14/1 *et seq.* Plaintiffs Lindabeth Rivera and Joseph Weiss both allege that Google unlawfully collected, stored, and exploited their face-geometry scans via Google Photos, a cloud-based service.[1] R. 63, Second Am. Compl. ¶¶ 4-5, 28-30, 33-36, 38-39, 42-45, 57-60, 67-70;

---

[1] The Court has diversity jurisdiction over Rivera's and Weiss's state-law claims under 28 U.S.C. § 1332. Rivera and Weiss are citizens of Illinois. R. 63, Second Am. Compl. ¶¶ 7-8. Google is a citizen of Delaware (its place of incorporation) and California (its principal place of business). *Id.* ¶ 9. Although Google, Inc. has since reorganized from a corporation to a limited liability company, FCC Report. No. SCL-00205 (Nov. 24, 2017), "the jurisdiction of the court depends upon the state of things at the time of the action brought," *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (quotation omitted).

The amount in controversy requirement is also satisfied. The aggregate claims of the potential class (which would number in the thousands of members) could possibly equal or exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Even setting aside the class allegation, it is not "legally impossible" for either Weiss or Rivera alone to recover more than $75,000 in this action. *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d

*see also* R. 167, Pl.'s Resp. Br. at 1-3.[2] Google now moves for summary judgment on all of Plaintiffs' claims against it, arguing that Plaintiffs cannot establish Article III standing; Plaintiffs are not "aggrieved" within the meaning of the Act; and Plaintiffs are not entitled to monetary or injunctive relief under the Act because they have suffered no harm.[3] R. 151, Def.'s Mot. Summ. J.

For the reasons discussed below, Plaintiffs have not suffered an injury sufficient to establish Article III standing and their claims are dismissed. Because the Court lacks subject matter jurisdiction over Plaintiffs' claims, the Court need not consider Google's other arguments.

## I. Background

In deciding Google's motion for summary judgment, the Court views the evidence in the light most favorable to Plaintiffs, the non-moving parties. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Google Photos is a free, cloud-based service for organizing and sharing photographs. R. 153, Def. SOF ¶ 7; R. 167-1, Pls. Resp. Def. SOF ¶ 10. When a user uploads a photo to Google Photos, Google Photos detects images of faces, then creates a face template, represented by ▮

---

827, 830 (7th Cir. 2011) (amount-in-controversy requirement satisfied unless it is "legally impossible" for a plaintiff to recover that amount).

[2]Citations to the record are noted as "R." followed by the docket number and the page or paragraph number.

[3]The parties agreed to defer argument on and resolution of other issues, such as liability under the Act (whether face templates qualify as "biometric identifiers" or "biometric information" under the Act, and whether Google provided sufficient disclosures or obtained sufficient consent), Google's defense under the Dormant Commerce Clause, whether the Act applies extraterritorially, and choice of law. R. 137, Joint Status Report 03/28/18; *see also* R. 152, Def.'s Br. at 4 n.2. Where relevant, the Court will note when it is assuming certain facts in favor of Plaintiffs for the purposes of this Opinion, even though Google has not conceded the issue outside of the motion under consideration.

██████████████████████████████████████████. Def. SOF ¶¶ 13-

15. Google uses these face templates to compare the visual similarity of faces within

Google Photos users' private accounts, *id.* ¶ 15, and then groups photographs with

visually similar faces and displays the groups (called "face groups") to the users'

private account, *id.* ¶ 9. Google Photos' face-recognition feature automatically

defaults to "on" and is applied to every photo uploaded to the service unless the user

opts out. Pls. Resp. Def. SOF ¶¶ 8, 10. The technology also can be applied to photos

on the user's phone if "Private Face Clustering" is enabled. *Id.* ¶ 10. Google Photos

users can assign a label (for example a name or title) to any face groups in their

private accounts. Def. SOF ¶ 18. These face labels are private to individual users'

accounts and are visible only to that user and to Google.[4] *Id.* ¶ 20. Google does not

use the face templates it creates for anything other than organizing photographs in

users' Google Photos accounts.[5] *Id.* ¶ 59.

---

[4]Plaintiffs dispute this, contending that "[l]abels, face templates, and all associated data in Google Photos are accessible to Google, its personnel, and to any party that Google permits to access such data." Pls. Resp. Def. SOF ¶ 20 (citing R. 153-3, Porter Decl. ¶¶ 4-10). But Porter's declaration states that the Plaintiffs' face templates are private to their accounts, and that the labeled face group of Rivera has not been "disclosed to anyone outside of Google." Porter Decl. ¶¶ 6-7. And Plaintiffs do not dispute that "[t]here is no evidence that the … face labels from the photographs of [Plaintiffs] … have been shared outside of Google." Pls. Resp. Def. SOF ¶ 52. There is no genuine dispute of material fact that face labels are visible only to the user and Google.

[5]Plaintiffs also dispute this, and argue that "the facial recognition … can be monetized by Google." Pls. Resp. Def. SOF ¶ 59; R. 167-1, Pls. Statement Add. Facts ¶ 6. As discussed in more depth below, the only evidence offered by Plaintiffs shows that Google *might* use this technology to mine data or target advertisements in the *future*. Pls. Resp. Def. SOF ¶ 59; Pls. Statement Add. Facts ¶ 6. Although that sort of use without obtaining the proper consent might very well constitute a concrete injury, Plaintiffs provide no evidence that Google has engaged in those practices with respect to Plaintiffs' face templates or photographs.

Weiss is a Google Photos user, Def. SOF ¶ 24, and the face-grouping feature in his account was defaulted to "on" until he turned it off sometime in mid-December 2017, Pls. Resp. Def. SOF ¶ 25. There are 53 photographs of Weiss that form the basis of his claim. Def. SOF ¶ 26. At least 16 of them were taken after he filed his complaint on March 4, 2016, but before he turned off the face-grouping feature. *Id.* ¶ 27. Weiss's Google Photos account, which is associated with his face template, is also associated with his Gmail account. Pls. Resp. Def. SOF ¶ 53. On the other hand, Rivera is not a Google Photos user, Def. SOF ¶ 31, but her friend Blanca Gutierrez is,[6] *id.* ¶¶ 32-33. The face-grouping feature was defaulted to "on" in Gutierrez's Google Photos account. Pls.' Resp. Def. SOF ¶ 34. There are at least 27 photos of Rivera taken by Gutierrez and uploaded to Gutierrez's Google Photos account that form the basis for Rivera's claim. *Id.* ¶¶ 35-36. At least 10 of the photographs of Rivera uploaded to Gutierrez's Google Photos account were taken after Rivera filed her complaint. Def. SOF ¶ 38. Gutierrez labeled a face group in her account as "LindaBeth Rivera." *Id.* ¶ 44. Apart from Weiss's Gmail account and Gutierrez's labelled face group, Plaintiffs' face templates are not associated with other identifying information, such as their social security numbers or credit card information. Pls. Resp. Def. SOF ¶¶ 53-54. Google did not have permission from Plaintiffs to capture, store, or use face scans of Plaintiffs.[7] Pls. Statement Add. Facts ¶ 2.

---

[6]Ms. Gutierrez is not a party to this action. Def. SOF ¶ 32.

[7]Google disputes whether it obtained consent or provided notice in compliance with the Act, 740 ILCS 14/15. R. 179-1, Def. Resp. Pls. Statement Add. Facts ¶ 2. As noted earlier, resolution of that issue was deferred to after the resolution of this motion. *Id.*; Joint Status Report 03/28/18. For the purposes of this motion, the Court assumes that Google did not obtain sufficient consent.

Weiss and Rivera both claim injury to their privacy interests, but testified that they did not suffer any financial, physical, or emotional injury apart from feeling offended by the unauthorized collection. R. 179-1, Def. Resp. Pls. Statement Add. Facts. ¶¶ 3-4. Weiss testified that he would not have given consent to collect his face template if Google had asked him to do so, although he was not sure if he would have stopped using Google Photos altogether. Pls. Resp. Def. SOF ¶ 29. The face templates and face groups associated with Weiss's and Gutierrez's Google Photos accounts are private, and there is no evidence of any unauthorized access into the accounts. Def. SOF ¶¶ 49-50.

## II. Standard

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating summary judgment motions, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The Court may not weigh conflicting evidence or make credibility determinations, *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011), and must consider only evidence that can "be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The party seeking summary judgment has the initial burden of showing that there is no genuine dispute

and that they are entitled to judgment as a matter of law. *Carmichael v. Village of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). If this burden is met, the adverse party must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

## III. Analysis

Google argues that this Court lacks subject matter jurisdiction over this case because Plaintiffs have not shown they have suffered concrete injuries sufficient to satisfy Article III standing, and even if Plaintiffs could establish concrete injuries, those injuries were not caused by Google's conduct. Standing requires that a plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted). Predictably, the parties dispute how the Court should apply the Supreme Court's most recent pronouncement on the injury-in-fact requirement, *Spokeo v. Robins*, so it is worth examining that opinion before delving into the facts of this case.

### A. *Spokeo*

A plaintiff can, in some instances, satisfy the concrete-injury requirement of Article III absent actual monetary damages. But in those cases, federal courts must carefully ensure that the concrete-injury requirement is still met. In *Spokeo*, the plaintiff alleged that an online personal-information publisher violated the Fair Credit Reporting Act by publishing inaccurate information about him. 136 S. Ct. at

1546. The website got several things wrong, incorrectly reporting that "he is married, has children, is in his 50's, has a job, is relatively affluent, and holds a graduate degree." *Id.* But despite these mistakes, the plaintiff did not allege that he suffered any actual monetary harm. *Id.* at 1546, 1550. Even without that allegation, the Supreme Court reiterated that the concrete-injury requirement can be satisfied even if the injury is not tangible. *Id.* at 1549. The Court explained, "[a]lthough tangible injuries are perhaps easier to recognize, we have confirmed in many of our previous cases that *intangible* injuries can nevertheless be concrete." *Id.* (emphasis added).[8]

In determining which intangible injuries are sufficient to confer standing and which are not, *Spokeo* set out basic principles: a "bare procedural violation" of a statute is *not* automatically enough to satisfy Article III's concreteness requirement. 136 S. Ct. at 1549. To be sure (and as Plaintiffs here discuss in detail), "[i]n determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Id.* When Congress has created a cause of action for a statutory violation, by definition it has created a legally protected interest that Congress, at least, deems important enough for a lawsuit. Going beyond *federal* statutes, the Seventh Circuit has recognized the importance of state legislative judgments as well. *See Scanlan v. Eisenberg*, 669 F.3d 838, 845 (7th Cir. 2012) (noting the importance of federal congressional judgments and reasoning "the

---

[8]At the same time, concreteness is indeed a requirement that is separate and apart from the Article III requirement that the injury be "particularized" to the individual plaintiff. *Spokeo*, 136 S. Ct. at 1548. Specifically, "[t]o establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete *and* particularized.'" *Id.* at 1548 (emphasis added) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

same must also be true of legal rights growing out of state law") (cleaned up).[9] *Spokeo* explained that the legislative branch, with its fact-finding ability and responsiveness to public interest, "is well positioned to identify intangible harms that meet minimum Article III requirements," so Congress's (or the state legislature's) judgment on the nature of the injury is "instructive and important." 136 S. Ct. at 1549. Still, "Congress' role in identifying and elevating intangible harms does *not* mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right … . Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* (emphasis added).

*Spokeo* also announced the principle that the *risk* of harm sometimes is enough to satisfy concreteness. 136 S. Ct. at 1549. To illustrate this point, the Supreme Court offered both a historical example and a statute-based example. From history and the common law, *Spokeo* noted that common law defamation cases have long allowed plaintiffs to sue even though their actual damages are difficult to prove. *Id.* From Congress, *Spokeo* cited two information-rights cases, *Federal Election Comm'n v. Akins*, 524 U.S. 11, 20-25 (1998), and *Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 449 (1989), both of which involved plaintiffs who sought information that Congress had decided to make available to the public. *Spokeo*, 136 S. Ct. at 1549-50. There was no particular *substantive* standard of conduct set by the pertinent provisions of the information-access statutes involved in those cases. Indeed, *Public*

---

[9]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

*Citizen* cited to prior cases involving the Freedom of Information Act, and declared, "Our decisions interpreting the Freedom of Information Act have never suggested that those requesting information under it need show more than that they sought and were denied specific agency records." *Pub. Citizen*, 491 U.S. at 449 (citing cases). These *procedural*-rights-only cases led *Spokeo* to explain that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any *additional* harm beyond the one Congress identified." 136 S. Ct. at 1549 (emphasis in original).

Applying these principles to this case, with the aid of more recent Seventh Circuit cases, it is clear that Google's retention of Plaintiffs' unique face templates did not cause them a concrete injury for Article III standing purposes. The more difficult question is whether the creation of the face templates constitutes an injury-in-fact on its own. But that too falls short of satisfying Article III's concreteness requirement.

## B. Retention of Face Scans

First up is Plaintiffs' claim that Google retained or stored their face templates in violation of the Act.[10] The Act requires that any private entity in possession of biometric information or identifiers must develop and make available to the public a retention schedule and guidelines for destroying that information, 740 ILCS 14/15(a),

---

[10]As noted earlier, for the purposes of deciding this motion, the Court assumes that the face templates are "biometric identifiers" under the Act, 740 ILCS 14/10, and that Google did not provide disclosures or obtain the consent as required by the Act, *id.* § 14/15.

and provides certain standards for storing, transmitting, and protecting the information, *id.* § 14/15(e). By not providing the required disclosure or obtaining the required consent, Plaintiffs argue that Google violated their right to control their own biometric identifiers and information, which Plaintiffs assert is a right of privacy. Pls.' Resp. Br. at 3-4 (citing Pls. Statement Add. Facts ¶ 3 (quoting Weiss Dep. Tr. at 176:21-177:2 ("I believe that my biometric information or identifier is very sensitive. I think it's akin to my DNA, to a fingerprint. To have that stored, collected, is, again, that in and of itself, when done so against my consent or without my consent, it's a damage, I think.")); Pls. Statement Add. Facts ¶ 4 (citing Rivera Dep Tr. at 78:10-14)); R. 166-2, Exh. B, Rivera Dep Tr. at 59:15-19 ("Google is putting me at risk for potential hackers. … I feel like it's putting me—pretty much my identity in danger."); *id.* at 61:8-9 ("I feel like my identity was harmed so that is my property.").

The Seventh Circuit has definitively held that retention of an individual's private information, on its own, is not a concrete injury sufficient to satisfy Article III. *Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909, 912-13 (7th Cir. 2016). In *Gubala*, a cable subscriber alleged that Time Warner Cable had unlawfully retained information that he had provided—including his date of birth, address, phone number, and social security number—in violation of the Cable Communications Policy Act. *Id.* at 910. The Seventh Circuit acknowledged that there would be "a *risk* of harm" if Time Warner had "given away or leaked or lost any of his personal information or ... ha[d] the information stolen from it." *Id.* (emphasis in original). But there were no facts suggesting that the information had been further disclosed or that

there truly was a risk of disclosure. *Id.* at 910-11. So even though the statute was violated, *Gubala* held that mere retention of an individual's personal data (without disclosure or risk of disclosure) was insufficient to confer Article III standing. *Id.* at 912-13. Yes, the subscriber did "*feel* aggrieved," but that by itself did not cause him a concrete injury. *Id.* at 911 (emphasis in original); *see also Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886-87, 889 (7th Cir. 2017) (plaintiff lacked standing to sue for a violation of the Fair Credit Reporting Act where the defendant obtained a credit report without providing the required disclosures; although the defendant's action violated plaintiff's privacy, it was merely a "statutory violation completely removed from any concrete harm or appreciable risk of harm").

Setting aside *how* Google obtained Plaintiffs' face templates (which will be addressed in the following section), Plaintiffs have not offered evidence about the retention of their face templates that overcomes the obstacle in *Gubala*. Plaintiffs do not dispute that: their face templates have not been shared with other Google Photos users or with anyone outside of Google itself; there has not been any unauthorized access to the accounts or data associated with their face templates or face groups; and hackers have not obtained their data. Pls. Resp. Def. SOF ¶¶ 49-52. In other words, all that Plaintiffs can point to on the issue of retention is a privacy concern that *Gubala* holds is insufficient to satisfy Article III's concrete-injury requirement.

To demonstrate a heightened risk of harm, Plaintiffs filed a notice of supplemental information, with an accompanying news article and a Google blog entry, reporting that a software bug gave outside developers access to the data of

around 500,000 Google+ users between 2015 and March 2018. R. 203, Exh. A, 10/08/18 WSJ Article; *id.*, Exh. B, 10/08/18 Project Strobe Blog. Google+ is another Google product, distinct from Google Photos. According to Plaintiffs, the exhibits show that Google decided not to disclose the issue to avoid regulatory scrutiny and reputational damage. *Id.* More recently, Plaintiffs filed another notice, which reports yet another software bug that compromised the private information of around 52½ million Google+ users, which Google again kept quiet for about a week before disclosing. R. 204, Exh. A, 12/10/18 The Keyword Blog. Even assuming, as is appropriate at summary judgment, that these breaches happened and that Google failed to disclose them fast enough, these disclosures have little bearing on the facts of *this* case. None of the disclosures pertain to the accounts of Google Photos users, nor is there any evidence of a connection between the disclosures of Google+ account data to Google Photos accounts or data. *Id.* So this newly presented information does not create a genuine dispute undermining Google's argument that "[t]here is no evidence of any unauthorized access to the *Google Photos accounts* and related data of Weiss and Gutierrez," Def. SOF ¶ 50 (emphasis added), nor is there "evidence that the face templates, face groups, or face labels from the photographs of Weiss and Rivera in Weiss and Gutierrez's *Google Photos accounts*, respectively, have been shared outside of Google." *Id.* ¶ 52 (emphasis added).[11]

_____

[11]Although neither party discusses Google Photo Application Programming Interfaces (APIs), it appears that there are APIs for Google Photos. *See* R. 166-2, Maya Decl., Exh. H (email from Google employee thanking a person from "PM Mobile Vision APIs/Platform" for help with improving FaceNet technology); *see also* https://developers.google.com/photos/ (website for Google Photos APIs). "Google makes user data available to outside developers through more than 130 different public channels known as application programming

When a plaintiff relies on a risk of future harm to satisfy Article III's injury requirement, the plaintiff must establish, at the very least, a "substantial risk" that the future harm will occur. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013). The circumstances underlying the Google+ data breach do not come close to the kinds of situations in which the risk of future harm satisfies Article III concreteness requirements. *Compare Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 968-69 (7th Cir. 2016) (hackers already had breached the defendant's database and stolen customers' payment-card information, so the risk of identity theft and the precautions customers took to mitigate the risk constituted a concrete injury) and *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 693 (7th Cir. 2015) (same), *with In re VTech Data Breach Litig.*, 2017 WL 2880102, at *4-5 (N.D. Ill. July 5, 2017) (a hacker accessed and copied plaintiffs' data—including names, addresses, and birthdates—from defendant's online communication platform connected to a children's game, but because plaintiffs did not plausibly allege that the disclosure of that data increased their risk of identity theft or fraudulent transactions, they lacked standing). It is true that the Illinois legislature has concluded that identity theft of

---

interfaces, or APIs." 10/08/18 WSJ Article at 2. But the mere existence of APIs does not mean that, without a bug, Google was sharing photos or face templates with outside parties, since APIs "usually require a user's permission to access any information … ." *Id.* So Plaintiffs could not rely on the mere existence of Google Photo APIs to confer standing (nor have they done so in any filing).

The Google+ bugs affected Google+ APIs, so ostensibly a bug causing a data breach *could* also affect a Google Photos API. But as noted above, there is no evidence that any such bug has affected Google Photos or any Google Photos APIs, so any such harm is purely speculative. That said, if Google is aware of any bug or data breach to any Google Photos API or Google Photos itself, it should have already reported them to Plaintiffs (as supplemental discovery) and to the Court (in a supplemental filing), and must do so immediately if a Google Photos breach occurred.

biometric information poses an additional harm beyond theft of other personal identifiers: it is not as easy to change biometric information as it is to get a new social security number or a new credit card number, *see* 740 ILCS 14/5(c) ("Biometrics are unlike other unique identifiers that are used to access finances or other sensitive information … once compromised, the individual has no recourse … ."). But Plaintiffs here have not offered enough evidence, even when viewed in their favor, demonstrating a substantial risk that their own information will be disseminated to anyone outside of Google. The Google+ data breach does not support Article III standing.

With regard to the retention violation, all Plaintiffs are left with is their testimony that they felt their privacy rights were violated, but "*feel*[*ing*] aggrieved," without more, does not establish a concrete injury. *Gubala*, 846 F.3d at 911, 913. Plaintiffs' retention claims must be dismissed for lack of Article III standing.

### C. Collection of Face Scans

The much closer question on standing is whether Plaintiffs suffered a concrete injury arising from Google's creation of their face templates without their knowledge.[12] Viewing the facts in the light most favorable to Plaintiffs, they did not know Google created their face templates based on the photos of Plaintiffs' faces uploaded to Google Photos. *See* Pls. Resp. Def. SOF ¶ 29 (quoting Weiss Dep. Tr. at 171:21 ("I would not have consented if I had known that biometric information was

---

[12]To be crystal clear, the Court reiterates that it is assuming for purposes of this Opinion that Plaintiffs' face templates are biometric identifiers or information as defined by the Act, 740 ILCS 14/10, and that Google did not provide the required disclosures or obtain the required consent, *id.* § 14/15.

being gathered, collected, stored.")); Pls. Statement of Add. Facts ¶ 2 (quoting Rivera Dep. Tr. at 9:9-13 "[Ms. Gutierrez] stated that if I was aware that Google had this face recognition where they were using biometric information, which is a template of my face, so whenever my phot[o]s were taken with her device, they were automatically uploaded. I was then upset, very angry at the fact that they were taken without my consent and I didn't have any control as to whether or not they were able to be used.")).

*Gubala* does not directly answer this issue because here Plaintiffs did not know that their face templates were being created by Google. Google argues otherwise, contending that "[i]t makes no difference that *Gubala* referred to 'retention' of data, while Google here is alleged to have impermissibly obtained and retained the face templates." Def.'s Br. at 11. But *Gubala* did not merely "refer" to retention of private information—instead, retention was the limit of the holding, because the cable subscriber *knew* that Time Warner had his information. In fact, the subscriber himself provided the information when signing up for cable service. 846 F.3d at 910. The same fact—that the plaintiffs knew or should have known that their biometric information was being collected by the defendant—also distinguishes other district court cases relied on by Google. *See, e.g.*, *Howe v. Speedway LLC*, 2018 WL 2445541, at *6 (N.D. Ill. May 31, 2018) (plaintiff's "fingerprints were collected in circumstances under which any reasonable person should have known that his biometric data was being collected."); *Vigil v. Take-Two Interactive Software, Inc.*, 235 F. Supp. 3d 499, 515 (S.D.N.Y. 2017), *aff'd in relevant part, vacated in part, remanded sub*

*nom. Santana v. Take-Two Interactive Software, Inc.*, 717 F. App'x 12 (2d Cir. 2017) ("The allegations show that the plaintiffs, at the very least, understood that Take-Two had to collect data based upon their faces in order to create the personalized basketball avatars, and that a derivative of the data would be stored in the resulting digital faces of those avatars so long as those avatars existed."). Here, Plaintiffs did not knowingly place their finger on a fingerprint scanner (as in *Howe*) or stare up-close at a camera for about 15 minutes while a camera scanned their face and heads (as in *Vigil*, 235 F. Supp. 3d at 505). Instead, they merely took pictures of themselves (or allowed them to be taken), which then were automatically uploaded to Google Photos where their face template was created. So *Gubala*, *Howe*, and *Vigil* are not directly on point when evaluating the extent of the privacy intrusion of Google Photos.

On the flip side, however, recent cases that have found Article III standing where the plaintiff *did not know* of the collection of biometric information are themselves also not directly on point, because in those cases the information was then disclosed to a third-party. In two recent cases, plaintiffs have successfully shown injury-in-fact because the defendant disclosed a fingerprint scan to a third-party without informing the plaintiff or obtaining the plaintiff's consent. *See Miller v. Sw. Airlines Co.*, 2018 WL 4030590, at *3 (N.D. Ill. Aug. 23, 2018); *Dixon v. Washington & Jane Smith Cmty.-Beverly*, 2018 WL 2445292, at *10 (N.D. Ill. May 31, 2018). Although the opinions included dicta suggesting that collection of biometric data without the plaintiff's knowledge can constitute a concrete risk of harm, ultimately the courts relied on both the absence of consent in collection of the fingerprint *and*

the later disclosure of the fingerprint without consent *Miller*, 2018 WL 4030590, at

*3 ("A violation of [the Act's] notice and consent provisions does not create a concrete

risk of harm to a plaintiff's right of privacy in his or her biometric data unless the

information is collected or *disseminated without the plaintiff's knowledge or consent.*")

(emphasis added); *Dixon*, 2018 WL 2445292, at *9 ("Obtaining or *disclosing* a person's

biometric identifiers or information *without her consent or knowledge* necessarily

violates that person's right to privacy in her biometric information.") (emphasis

added). As discussed earlier, Plaintiffs concede that their face templates have not

been shared—and there is no showing that there is an imminent risk that they will

be shared—with anyone outside of Google. Pls. Resp. Def. SOF ¶¶ 47, 49-52. So the

two district-court decisions are not directly applicable to this case.

As the parties discuss in detail, the most factually analogous case is *Patel v.

Facebook Inc.*, 290 F. Supp. 3d 948 (N.D. Cal. 2018).[13] In *Patel*, the plaintiffs alleged

that Facebook applies facial-recognition software to pictures uploaded by users, and

then creates and stores face templates based on geometric relationships of facial

features—all without users' consent. *Id.* at 951. The plaintiffs did not allege any

injury (such as emotional distress, physical harm, dissemination to a third-party, or

adverse employment impacts) beyond the violation of the Act's notice-and-consent

requirements. *Id.* at 951, 954; *see also* Amend. Compl., *In re Facebook Biometric Info.

Privacy Lit.*, No. 3:15-cv-03747, R. 40 (N.D. Cal. Aug. 28, 2015). The district court

---

[13]On May 29, 2018, the Ninth Circuit granted Facebook's petition for interlocutory appeal of the district court's order granting class certification. *Patel v. Facebook, Inc.*, USCA No. 18-15982 (9th Cir. May 30, 2018). No oral argument has been scheduled yet.

denied Facebook's motion to dismiss for lack of standing, holding that the plaintiffs had sufficiently alleged a concrete injury to satisfy Article III based solely on the violation of the Act. *Patel*, 290 F. Supp. at 956.

*Patel* placed great weight on the legislative findings and intent underlying the Act, and indeed (and as discussed above) *Spokeo* does instruct courts to respect legislative judgments in identifying intangible harms. As recounted by *Patel*, the Illinois legislature found that (1) biometrics are uniquely sensitive and when compromised, put individuals at a heightened risk for identity theft; (2) biometric technology is cutting edge, and "[t]he full ramifications of biometric technology are not fully known"; (3) the public is "weary"[14] of using biometrics when tied to personal information; and (4) regulating biometric collection, use, and storage serves the public interest. *Id.* at 953 (citing 740 ILCS 14/5(b)-(e), (g)). The district court reasoned that these legislative findings, combined with the notice-and-consent requirements (among other requirements of the Act), left "little question that the Illinois legislature codified a right to privacy in personal biometric information" and that the legislature determined "that a violation of [the Act's] procedures would cause actual and concrete harm." *Id.*

Because a statutory violation is not *necessarily* enough for Article III standing, it is important to discern exactly on what grounds *Patel* relied for finding concrete harm. *Patel* appears to rely on two specific points: first, as the Illinois legislature found, biometric information "cannot be changed if compromised or misused." *Id.* at

---

[14] It is possible that the word "weary" in the Act, 740 ILCS 14/5(d), was intended to be "wary."

954. So when there is a violation of the Act, *Patel* asserted, "the right of the individual to maintain her biometric privacy vanishes into thin air." *Id.* Second, later in the opinion, *Patel* distinguished two cases that had rejected standing under the Act. In those two cases, the plaintiffs knew that their biometric information was being collected by the defendants. *Id.* at 955 (discussing *Vigil*, 235 F. Supp. 3d at 513 (scans of plaintiffs' faces that took 15 minutes and required plaintiffs to consent by pressing "continue" after reading a notice stating a "face scan" might be recorded); and *McCullough v. Smarte Carte, Inc.*, 2016 WL 4077108 (N.D. Ill. Aug 1, 2016) (plaintiffs scanned their fingerprints to rent a locker)). *Patel* explained that the injuries there were not sufficiently concrete because the plaintiffs "indisputably knew that their biometric data would be collected before they accepted the services offered by the businesses involved." *Patel*, 290 F. Supp. 3d at 955. So *Patel*'s holding stands on two pillars: the risk of identity theft arising from the permanency of biometric information, as described by the Illinois legislature, and the absence of in-advance consent to Facebook's collection of the information. *Id.*

This is a close question, but even when drawing all inferences in Plaintiffs' favor, neither pillar supports a finding of concrete injury. First, as discussed in detail earlier, there is no evidence of a substantial risk that the face templates will result in identity theft. It is true that if an unintended disclosure happens, then there are few ways to change biometric information, and federal courts should follow the legislature's lead in considering that immutability in deciding what is a "substantial" risk. But even taking that permanency into account does not justify an across-the-

board conclusion that *all* cases involving *any* private entity that collects or retains individuals' biometric data present a sufficient risk of disclosure that concrete injury has been satisfied in *every* case.

On the second pillar of *Patel*, there is no legislative finding that explains why the absence of consent gives rise to an injury that is *independent* of the risk of identity theft. *See* 740 ILCS 14/5(a)-(g). Indeed, the only specific injury described by the Act's findings is the risk of identity theft, 740 ILCS 14/5(c), (d). The other findings only set forth broad conclusions, like the "public welfare, security, and safety will be served" and the "full ramifications of biometric technology are not fully known." 740 ILCS 14/5(f), (g). The generality of the legislature's findings is especially damning when considering whether unconsented face scans are sufficiently concrete for Article III purposes. Most people expose their faces to the general public every day, so one's face is even more widely public than non-biometric information like a social security number. Indeed, we expose our faces to the public such that no additional intrusion into our privacy is required to obtain a likeness of it, unlike the physical placement of a finger on a scanner or other object, or the exposure of a sub-surface part of the body like a retina. There is nothing in the Act's legislative findings that would explain why the injury suffered by Plaintiffs here—the unconsented creation of face templates—is concrete enough for Article III purposes. As important and instructive as legislative judgments are in evaluating intangible harms, the Act does not support a finding that the concrete-injury requirement has been met in this case.[15]

---

[15]This holding is limited to the specific circumstances of this case, which challenges face scans. Likewise, this holding of course does not preclude the legislature from making

Moving on from legislative findings, *Spokeo* instructs courts to also examine possible analogues to common law harms that historically have supported a finding of Article III injury-in-fact. *Spokeo*, 136 S. Ct. at 1549 ("[I]t is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts.") In this case, Plaintiffs' response brief outlines the historical development of the right to privacy in American law, which was "fueled by social and technological change." Pls.' Resp. Br. at 8. They argue that the Act directly follows from common law privacy torts. *Id.* at 8-9. It is true that the alleged injury in this case need not square on all fours with a common law privacy tort. Plaintiffs are correct that they do not have to adequately state a claim under a common law tort; otherwise, they would just pursue a common law claim, and *Spokeo* must have meant more than that when it authorized claims for harms that bear a close relationship to common law claims. Pls.' Resp. Br. at 10; *see also Whitaker v. Appriss, Inc.*, 229 F. Supp. 3d 809, 813 (N.D. Ind. 2017) (noting that the "close relationship" test does not require "sameness"). At the same time, however, the common law tort must bear a close relationship to the alleged injury in *this* case in order for the common law analogue to be instructive. *See Spokeo*, 136 S. Ct. at 1549; *see also Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) (statutory violation led to "unsolicited

---

additional findings either now or in the future. It is not hard to imagine more concrete concerns arising from facial-recognition technology, especially as it becomes more accurate and more widespread (along with video-surveillance cameras) to the point that private entities are able to use the technology to pinpoint where people have been over extended time periods.

contact" and "disturb[ing of] solitude," similar to nuisance tort); *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1114-15 (9th Cir. 2017) (statutory violation resulted in "dissemination of false information," similar to defamation tort).

To start, there are four well-established common law privacy torts: (a) unreasonable intrusion upon someone's seclusion; (b) appropriation of a person's name or likeness; (c) unreasonable disclosure of private facts; and (d) publicity that unreasonably places the other in a false light. Restatement (Second) of Torts § 652A (1977). Plaintiffs rightly do not argue that Google's alleged conduct is anything like the public disclosure of private facts or false-light invasion of privacy. Pls.' Resp. Br. at 8-10. That leaves intrusion on seclusion and appropriation of likeness.

Starting with intrusion on seclusion, the Second Restatement of Torts defines this tort as a claim against someone "who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns … if the intrusion would be highly offensive to a reasonable person." Restatement (Second) of Torts § 652B (1977). The elements of the tort are "(1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) an intrusion that is highly offensive or objectionable to a reasonable person; (3) that the matter upon which the intrusion occurs is private; and (4) the intrusion causes anguish and suffering." *Jacobson v. CBS Broad., Inc.*, 19 N.E.3d 1165, 1180 (Ill. App. Ct. 2014). The third element, that the intrusion be upon a *private* matter, is a necessary predicate for the other elements. *Id.* at 1181; *see also Lovgren v. Citizens First Nat. Bank of Princeton*, 534 N.E.2d 987, 989 (Ill. 1989) ("[T]he core of this tort is the

offensive prying into the *private* domain of another.") (emphasis added). It is this element where the relationship between Plaintiffs' alleged injury and this common law tort breaks down.

First, Plaintiffs cannot show—and do not argue—that Google "intruded into a private place" by receiving photographs of Plaintiffs voluntarily uploaded (by Weiss or Gutierrez) to Google Photos. *See* Pls.' Resp. Br. at 8-11; R. 60, Opinion 2/27/17 at 26 n.11 ("Neither side is arguing that for the purposes of the Privacy Act, Google needed consent to upload the photographs to the cloud."). Second, although Plaintiffs argue that their faces are not public, Pls.' Resp. Def.'s SOF ¶ 60 (disputing "that their faces are public, not private."), Plaintiffs' only evidence to support that assertion is deposition testimony in which they say that their facial *biometrics* are private information. *Id.* (quoting Weis Dep. Tr. at 183:18-19 ("Looking [at someone's face with your eyes] and recording [someone's face with biometric identifiers] are different, as far as I understand."); quoting Rivera Dep. Tr. at 45:15-19 ("[W]hen it's taking my biometric information, that's sensitive information to me. That's my personal information.")). Plaintiffs do not offer evidence to dispute that their *faces* are public— just that their facial *biometrics* are. This is consistent with Fourth Amendment case law that rejects an expectation of privacy in a person's face. *See United States v. Dionisio*, 410 U.S. 1, 14 (1973) (explaining that "[n]o person … can reasonably expect that his face will be a mystery to the world," and holding that an individual's face, when knowingly exposed—even in his own home or office—is not protected by the Fourth Amendment) (citing *Katz v. United States*, 389 U.S. 347, 351 (1967)). Indeed,

Illinois courts have dismissed many intrusion-upon-seclusion claims that were premised on photographs or videos for failure to satisfy the privacy element of the tort. *See Jacobson*, 19 N.E. at 1181 (affirming dismissal where plaintiff was filmed on "readily visible property" and the images of her revealed nothing that was "especially private"); *Schiller v. Mitchell*, 828 N.E.2d 323, 326, 329 (Ill. App. Ct. 2005) (defendants did not intrude upon plaintiffs' seclusion by capturing surveillance video of plaintiffs on their property, including within their garage, because passersby could see the same things from different angles); *see also* Restatement (Second) of Torts § 652B cmt. c (there is no intrusion-upon-seclusion liability for "observing [a plaintiff] or even taking his photograph while he is walking on the public highway, since he is not then in seclusion, and his appearance is public and open to the public eye"). It bears repeating that Plaintiffs need not satisfy the elements of a common law tort to show Article III injury. But there is a wide gap between the alleged injury here—the creation and retention of the face templates—and the privacy interest protected by the intrusion-on-seclusion tort. All that Google did was to create a face template based on otherwise public information—Plaintiffs' faces. *See Patel v. Zillow, Inc.*, 2017 WL 3620812, at *10 (N.D. Ill. Aug. 23, 2017) (defendant did not intrude into private matters when it created real-estate data derived from public information).

Another element of the intrusion-on-seclusion tort shows the disconnect between the common law claim and this case: the creation of face templates is not a "highly offensive" intrusion.[16] As discussed earlier, the templates are based on

---

[16]Plaintiffs argue that whether the creation of face templates was "highly offensive" would "clearly be for a jury to decide at trial, not for the Court to decide at summary

something that is visible to the ordinary eye, that is, Plaintiffs' faces. And the crux of the tort is the intrusion itself, not what is done with the fruits of the intrusion (if there are any fruits) later. In other words, "[t]he basis of the tort is *not* publication or publicity." *Lovgren*, 534 N.E.2d at 989 (emphasis added). So what Google did with the photographs of Plaintiffs' faces—that is, using them to create face templates—is irrelevant when comparing this case to an intrusion-on-seclusion claim. In any event, the record shows that Google only used the facial images to create face templates that organize Plaintiffs' photographs in private Google Photos accounts. Plaintiffs do not present any evidence showing that Google commercially "exploited" their faces or the face templates they created. Without more, Plaintiffs' injury in this case does not bear a close relationship to the tort of intrusion upon seclusion.[17]

That leaves the tort of appropriation of likeness. This common law tort protects an individual's "interest … in the exclusive use of his own identity, in so far as it is represented by his name or likeness, and in so far as the use may be of benefit to him or others." Restatement (Second) of Torts § 652C cmt. a (1977).[18] This interest is

___

judgment." Pls.' Resp. Br. at 10. If Plaintiffs asserted the intrusion-on-seclusion claim, then that argument would have greater force, because the merits of the claim could be a question for the jury. But the analysis at hand is whether Plaintiffs have sufficiently established an injury-in-fact under Article III for purposes of subject matter jurisdiction. There is no general Seventh Amendment jury trial right for issues of subject matter jurisdiction, and Plaintiffs offer no precedent that the close-relationship analysis, as explained in *Spokeo*, is a matter for the jury to decide.

[17]Plaintiffs' argument that the creation of face templates is similar to "restaurants [] dust[ing] their customers' glasses for fingerprints and stockpil[ing] those identifiers," Pls.' Resp. Br. at 10, is misplaced. Fingerprints are not held out to the public like faces, which are visible to the ordinary eye. Applying a template to a face on a voluntarily uploaded photograph is very different from collecting the tiny physical remnants left by ridges on a person's fingers.

[18]In Illinois, the common law tort of appropriation of likeness was replaced with the Right of Publicity Act, 765 ILCS 1075/30, effective in 1999. *Trannel v. Prairie Ridge Media,*

invaded when a defendant uses the likeness "to advertise [its] business or product," "for some similar commercial purpose," or "for [its] own purposes and benefit." *Id.* cmt. b. Plaintiffs have not shown that Google has done anything closely related to appropriation of their likenesses. In their Rule 56.1 Statement, Plaintiffs dispute that "[t]here is no evidence that any of the data generated by Google Photos was used in any way except to help organize the photographs in Wiess's and Gutierrez's accounts." Pls. Resp. Def. SOF ¶ 59; *see also* Pls. Statement Add. Facts ¶ 6. But the evidence offered in their response fails to adequately support their denial. Plaintiffs cite to an article that describes ways in which Google's facial recognition technology *could* be used in the future, including data mining, targeted advertisements, and filtering content, Pls. Statement Add. Facts ¶ 6 (citing Maya Decl., Exh. K), as well as an email chain among Google employees forwarding an article discussing similar "likely" uses, *id.* (citing Maya Decl., Exh. I). These exhibits only demonstrate *future* potential uses of Google's facial recognition technology; they do not suggest that Google currently employs these practices, that Google likely will do so in the future without consent, or that Google used Plaintiffs' data in this way. So the evidence falls well short of a substantial likelihood that Plaintiffs will suffer any of those injuries. The only other tack that Plaintiffs could possibly take is to argue that Google "mapped Plaintiffs' faces, creating, collecting, storing, and exploiting their unique biometric identifiers for its own competitive advantage in the marketplace for photo-sharing services." Pls.'

---

*Inc.*, 987 N.E.2d 923, 929 (Ill. App. Ct. 2013). The Act has nearly identical elements to the common law tort, and a plaintiff must allege three elements: "(1) an appropriation of one's name or likeness; (2) without one's consent; and (3) for another's commercial benefit." *Id.*

Resp. Br. at 2. But Plaintiffs do not develop this argument or offer evidence in support of it. Google's use of the face templates for the sole purpose of organizing photographs does not bear a "close relationship" to harms caused by appropriation of likeness.

With neither a legislative judgment nor a common law analogue (or anything else) to support a finding of concrete injury, the Court concludes that Plaintiffs have not demonstrated an injury-in-fact sufficient to confer Article III standing.[19] This case presented close legal questions, which is not uncommon when it comes to technological advances,[20] and the Court appreciates the able presentations of both sides.

## IV. Conclusion

Google's motion for summary judgment is granted. The Court lacks subject matter jurisdiction because Plaintiffs have not suffered concrete injuries for Article III purposes. In light of that holding, there is no need to opine on the statutory-interpretation arguments (and, in any event, the Illinois Supreme Court has the issue

---

[19]A court within this District held the plaintiff had alleged an injury-in-fact where the defendant allegedly collected his face scans without his knowledge in violation of the Act. *Monroy v. Shutterfly*, 2017 WL 4099846, *8 n.5 (N.D. Ill. Sept. 15, 2017). But *Monroy* relies on a generally described privacy invasion, rather than engage in an analysis of specific common law torts (it also does not appear that the parties precisely teed up this issue for the district court in that case, as the defendant did not challenge the plaintiff's standing). *Id.*

[20]The difficulty in predicting technological advances and their legal effects is one reason why legislative pronouncements with minimum statutory damages and fee-shifting might reasonably be considered a too-blunt instrument for dealing with technology. Of course, there might be policy considerations that weigh in favor of taking the broader approach.

under advisement). The case is dismissed for lack of subject matter jurisdiction and the status hearing of January 22, 2019 is vacated.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: December 29, 2018

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDABETH RIVERA and JOSEPH WEISS, on behalf of themselves and all others similarly situated,<br>Plaintiff(s),<br><br>v.<br><br>GOOGLE, INC.,<br>Defendant(s). | Case No.  16-cv-2714<br>Judge Edmond E. Chang |

## <u>JUDGMENT IN A CIVIL CASE</u>

Judgment is hereby entered (check appropriate box):

☐      in favor of plaintiff(s)
and against defendant(s)
in the amount of $

         which ☐ includes      pre–judgment interest.
                   ☐ does not include pre–judgment interest.

     Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

     Plaintiff(s) shall recover costs from defendant(s).

---

☐      in favor of defendant(s)
and against plaintiff(s)

     Defendant(s) shall recover costs from plaintiff(s).

---

☒      other: Case dismissed for lack of subject matter jurisdiction.

This action was *(check one)*:

☐ tried by a jury with Judge      presiding, and the jury has rendered a verdict.
☐ tried by Judge      without a jury and the above decision was reached.
☒ decided by Judge Edmond E. Chang.

Date:  12/29/2018                 Thomas G. Bruton, Clerk of Court

                                   Claire Newman , Deputy Clerk

APPEAL,MASON,PROTO,TERMED

**United States District Court**
**Northern District of Illinois – CM/ECF LIVE, Ver 6.2.2 (Chicago)**
**CIVIL DOCKET FOR CASE #: 1:16–cv–02714**
*Internal Use Only*

Rivera et al v. Google LLC.
Assigned to: Honorable Edmond E. Chang
Demand: $75,000
Cause: 28:1332 Diversity–Other Contract

Date Filed: 03/01/2016
Date Terminated: 12/29/2018
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Diversity

**Plaintiff**

**Lindabeth Rivera**
*individually and on behalf of all others
similarly situated*

represented by **David P Milian**
Carey Rodriguez Milian Gonya, Llp
1395 Brickell Ave
Suite 700
Miami, FL 33131
(305) 372–7474
Email: dmilian@careyrodriguez.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katrina Carroll**
Lite DePalma Greenberg LLC
111 West Washington Street
Suite 1240
Chicago, IL 60602
(312) 750–1265
Email: kcarroll@litedepalma.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Theodore Walter Maya**
Ahdoot & Wolfson, PC
10728 Lindbrook Drive
Los Angeles, CA 90024
(310) 474–9111
Email: tmaya@ahdootwolfson.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bradley K King**
Ahdoot & Wolfson, PC
10728 Lindbrook Drive
Los Angeles, CA 90024
(310) 474–9111
Email: bking@ahdootwolfson.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Frank S Hedin**
Carey Rodriguez Milian Gonya, LLP
1395 Brickell Ave
Suite 700
Miami, FL 33131
(305) 372–7474
Email: fhedin@careyrodriguez.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ismael Tariq Salam**
Lite DePalma Greenberg LLC
211 W. Wacker Drive
Suite 500
Chicago, IL 60606
3127501265
Email: isalam@litedepalma.com
*TERMINATED: 04/02/2018*

**Kyle Alan Shamberg**
Lite DePalma Greenberg, LLC
111 West Washington Street
Suite 1240
Chicago, IL 60602
(312) 750–1265
Email: kshamberg@litedepalma.com
*ATTORNEY TO BE NOTICED*

**Robert R Ahdoot**
Ahdoot & Wolfson, PC
10728 Lindbrook Drive
Los Angeles, CA 90024
(310) 474–9111
Email: rahdoot@ahdootwolfson.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tina Wolfson**
Ahdoot & Wolfson, PC
10728 Lindbrook Drive
Los Angeles, CA 90024
(310) 474–9111
Email: twolfson@ahdootwolfson.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joseph Weiss**
*individually and on behalf of all others similarly situated*

represented by

**Katrina Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Theodore Walter Maya**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bradley K King**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Frank S Hedin**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Google, LLC**

represented by

**Debra Rae Bernard**
Perkins Coie LLP
131 S. Dearborn St.

Suite 1700
Chicago, IL 60603
312 324 8559
Email: dbernard@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Frederick Liu**
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637–8869
Email: frederick.liu@hoganlovells.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neal Kumar Katyal**
Hogan Lovells US LLP
555 Thirteenth St., N.W.
Washington, DC 20004
(202) 637–5528
Email: neal.katyal@hoganlovells.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicola C Menaldo**
Perkins Coie LLP
1201 Third Avenue
Suite 4900
Seattle, WA 98101
(206) 359–8000
Email: NMenaldo@perkinscoie.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Spear**
Perkins Coie LLP
1201 Third Avenue
Seattle, WA 98101
(206) 359–3039
Email: rspear@perkinscoie.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sara A. Solow**
Hogan Lovells US LLP
1735 Market Street
23rd Floor
Philadelphia, PA 19103
(267) 675–4654
Email: sara.solow@hoganlovells.com
*TERMINATED: 01/09/2019*
*PRO HAC VICE*

**Sunita Bali**
Perkins Coie LLP
505 Howard Street
Suite 1000
San Francisco, CA 94105
(415) 344–7000
Email: SBali@perkinscoie.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Susan D Fahringer**
Perkins Coie LLP

1201 Third Avenue
Suite 4900
Seattle, WA 98101
(206) 359–8000
Email: SFahringer@perkinscoie.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas P. Schmidt**
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
(212) 918–5547
Email: thomas.schmidt@hoganlovells.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/01/2016 | 1 | COMPLAINT filed by Lindabeth Rivera; Jury Demand. Filing fee $ 400, receipt number 0752–11669376. (Attachments: # 1 Civil Cover Sheet)(Carroll, Katrina) (Entered: 03/01/2016) |
| 03/01/2016 | 2 | ATTORNEY Appearance for Plaintiff Lindabeth Rivera by Katrina Carroll (Carroll, Katrina) (Entered: 03/01/2016) |
| 03/01/2016 | 3 | ATTORNEY Appearance for Plaintiff Lindabeth Rivera by Kyle Alan Shamberg (Shamberg, Kyle) (Entered: 03/01/2016) |
| 03/01/2016 | | CASE ASSIGNED to the Honorable Edmond E. Chang. Designated as Magistrate Judge the Honorable Michael T Mason. (ags, ) (Entered: 03/01/2016) |
| 03/01/2016 | 4 | MOTION by Plaintiff Lindabeth Rivera to certify class (Carroll, Katrina) (Entered: 03/01/2016) |
| 03/01/2016 | 5 | NOTICE of Motion by Katrina Carroll for presentment of motion to certify class 4 before Honorable Edmond E. Chang on 3/15/2016 at 08:30 AM. (Carroll, Katrina) (Entered: 03/01/2016) |
| 03/01/2016 | 37 | Entered in error(lf, ) Modified on 5/26/2016 (lf, ). (Main Document 37 replaced on 5/26/2016) (lf, ). (Entered: 05/26/2016) |
| 03/02/2016 | 6 | MINUTE entry before the Honorable Edmond E. Chang: Status hearing set for 4/12/2016 at 9:15 a.m. The parties must file a joint initial status report with the content described in the attached status report requirements at least 3 business days before the initial status hearing. Plaintiff must still file the report even if not all Defendants have been served or have responded to requests to craft a joint report. Because the Procedures are occasionally revised, counsel must read them even if counsel has appeared before Judge Chang in other cases. Emailed notice (Attachments: # 1 Status Report Requirements) (slb, ) (Entered: 03/02/2016) |
| 03/04/2016 | 38 | COMPLAINT filed by Joseph Weiss; Jury Demand. (lf, ) (Entered: 05/26/2016) |
| 03/09/2016 | | SUMMONS Issued as to Defendant Google, Inc. (jp, ) (Entered: 03/09/2016) |
| 03/14/2016 | 7 | MINUTE entry before the Honorable Edmond E. Chang: Plaintiff has filed a motion for class certification 4 , but it is premature because none of the necessary discovery has been finished. To the extent that Plaintiff filed the motion to prevent mootness if the defense were to offer full relief, that is no longer necessary after the decision in Campbell–Ewald Co. v. Gomez, No. 14–857, U.S., 136 S. Ct. 663, 672 (2016). To the extent that Plaintiff is concerned about the question left open by Campbell–Ewald (whether payment of funds into an account to be paid to Plaintiff or deposited with the Court should require entry of judgment), the premature certification motion is still unnecessary, because this Court will not enter judgment without allowing Plaintiff to file an objection to entry of judgment, including whether the relief is full or whether that procedure is even proper.Emailed notice (slb, ) (Entered: 03/14/2016) |

| 03/30/2016 | 8 | ATTORNEY Appearance for Defendant Google, Inc. by Debra Rae Bernard (Bernard, Debra) (Entered: 03/30/2016) |
|---|---|---|
| 03/30/2016 | 9 | MOTION by Defendant Google, Inc. for extension of time *to Answer or Otherwise Plead and to Continue the Status Date* (Attachments: # 1 Exhibit Declaration of Debra Bernard)(Bernard, Debra) (Entered: 03/30/2016) |
| 03/30/2016 | 10 | NOTICE of Motion by Debra Rae Bernard for presentment of extension of time 9 before Honorable Edmond E. Chang on 4/5/2016 at 08:30 AM. (Bernard, Debra) (Entered: 03/30/2016) |
| 03/31/2016 | 11 | MINUTE entry before the Honorable Edmond E. Chang: Defendant's opposed extension motion 9 to answer or respond to the complaint is granted to 05/18/2016. This case was filed just 30 days ago, and while the Court genuinely appreciates Plaintiff's super–fast service of process, it does mean that the case is in its infancy. Plus, the complaint does allege a violation of an Illinois law that has not been interpreted often, so it is natural that more time is needed. When added to the unavailability of the lead defense counsel, all these circumstances support the requested extension. If Plaintiff is concerned about a stay of discovery when the anticipated dismissal motion is filed, then Plaintiff may seek appropriate relief for some type of litigation hold (after conferring with the defense, of course). The status hearing of 04/12/2016 is reset to 05/24/2016 at 9:30 a.m., with the initial status report due on 05/18/2016. Emailed notice (slb, ) (Entered: 03/31/2016) |
| 04/01/2016 | 12 | MOTION by Plaintiff Lindabeth Rivera to reassign case (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Carroll, Katrina) (Entered: 04/01/2016) |
| 04/01/2016 | 13 | NOTICE of Motion by Katrina Carroll for presentment of motion to reassign case 12 before Honorable Edmond E. Chang on 4/6/2016 at 08:30 AM. (Carroll, Katrina) (Entered: 04/01/2016) |
| 04/05/2016 | 14 | MINUTE entry before the Honorable Edmond E. Chang: On the Court's own initiative, the hearing 12 on the motion to reassign is reset to 8:45 a.m. on the same date, 04/06/2016. Emailed notice (slb, ) (Entered: 04/05/2016) |
| 04/06/2016 | 15 | MINUTE entry before the Honorable Edmond E. Chang: Motion hearing held on Plaintiff's motion for reassignment 12 . Defendant agrees with the motion. For the reasons discussed during the hearing, all Local Rule 40.4 requirements are met, so the motion 12 is granted. The Court recommends that the Executive Committee reassign case number 16 C 2870 to the calendar of Judge Edmond E. Chang as related to case number 16 C 2714. Status hearing for both cases set for 05/24/2016 at 9:30 a.m., by which time Defendant shall have answered or responded to the complaint in both cases. As discussed during the hearing, the Court will revisit the issue of a consolidated complaint at the next status hearing. Emailed notice (slb, ) (Entered: 04/06/2016) |
| 04/18/2016 | 16 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752–11834068. (Hedin, Frank) (Entered: 04/18/2016) |
| 04/26/2016 | 17 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752–11865309. (Fahringer, Susan) (Entered: 04/26/2016) |
| 04/26/2016 | 18 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752–11865356. (Bali, Sunita) (Entered: 04/26/2016) |
| 04/26/2016 | 19 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752–11865411. (Menaldo, Nicola) (Entered: 04/26/2016) |
| 04/29/2016 | 20 | MINUTE entry before the Honorable Edmond E. Chang:Application by Frank S. Hedin to appear pro hac vice 16 on behalf of Plaintiff is granted.Emailed notice (slb, ) (Entered: 04/29/2016) |
| 04/29/2016 | 21 | MINUTE entry before the Honorable Edmond E. Chang:Applications by Susan D. Fahringer, Sunita Bali and Nicola Menaldo to appear pro hac vice [17, 18, 19] on behalf of Defendant are granted.Emailed notice (slb, ) (Entered: 04/29/2016) |
| 05/02/2016 | 22 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752–11886651. (Milian, David) (Entered: 05/02/2016) |

| | | |
|---|---|---|
| 05/04/2016 | 23 | ATTORNEY Appearance for Defendant Google, Inc. by Susan D Fahringer (Fahringer, Susan) (Entered: 05/04/2016) |
| 05/04/2016 | 24 | ATTORNEY Appearance for Defendant Google, Inc. by Sunita Bali (Bali, Sunita) (Entered: 05/04/2016) |
| 05/04/2016 | 25 | ATTORNEY Appearance for Defendant Google, Inc. by Nicola C Menaldo (Menaldo, Nicola) (Entered: 05/04/2016) |
| 05/04/2016 | 26 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752−11898177. (Ahdoot, Robert) (Entered: 05/04/2016) |
| 05/04/2016 | 27 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752−11898225. (Wolfson, Tina) (Entered: 05/04/2016) |
| 05/06/2016 | 28 | MOTION by Defendant Google, Inc. for order *Permitting Parties to File Consolidated Briefing on Google's Motion to Dismiss* (Attachments: # 1 Exhibit Ex. A – Proposed Order)(Bernard, Debra) (Entered: 05/06/2016) |
| 05/06/2016 | 29 | NOTICE of Motion by Debra Rae Bernard for presentment of motion for order 28 before Honorable Edmond E. Chang on 5/11/2016 at 08:30 AM. (Bernard, Debra) (Entered: 05/06/2016) |
| 05/09/2016 | 30 | MINUTE entry before the Honorable Edmond E. Chang: This entry is being made in both 16−cv−02714 (Rivera) and 16−cv−2870 (Weiss). The agreed motion for consolidated briefing (R. 28 in 16−cv−2714 and R. 25 in 16−cv−2870) is granted: the parties may file a consolidated dismissal motion, response, and reply. The principal briefs may be 30 pages, and the reply may be 20 pages. The 05/24/2016 status hearing remains in place to set the briefing schedule on the 05/18/2016 dismissal motion (no need to notice up the motions, and for now file the same motion/brief in both cases) and to discuss whether to take the Weiss complaint and place it into the 16−cv−2714 docket as a second operative complaint and to consolidate the cases for administrative purposes. Emailed notice (slb, ) (Entered: 05/09/2016) |
| 05/09/2016 | 31 | MINUTE entry before the Honorable Edmond E. Chang:Applications to proceed pro hac vice by David P. Milian, Robert Ahdoot and Tina Wolfson to appear pro hac vice 22 is granted. Emailed notice (slb, ) (Entered: 05/09/2016) |
| 05/18/2016 | 32 | STATUS Report *(Joint Initial)* by Google, Inc. (Fahringer, Susan) (Entered: 05/18/2016) |
| 05/18/2016 | 33 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM*(Class Action Complaints)* (Attachments: # 1 Exhibit Corporate Disclosure Statement and Notification as to Affiliates)(Fahringer, Susan) (Entered: 05/18/2016) |
| 05/18/2016 | 34 | MEMORANDUM by Google, Inc. in support of Motion to Dismiss for Failure to State a Claim 33 (Attachments: # 1 Exhibit A–D)(Fahringer, Susan) (Entered: 05/18/2016) |
| 05/24/2016 | 36 | MINUTE entry before the Honorable Edmond E. Chang: Status hearing held in both Rivera v. Google, 16−cv−2714, and Weiss v. Google, 16−cv−2870. The Court and counsel discussed various topics during the status hearing. First, the Court noted the need to notify the Illinois Attorney General of the potential constitutional challenge to the Illinois Biometric Information Privacy Act, 740 ILCS 14/1. See 28 U.S.C. 2403(b) and Fed. R. Civ. P. 5.1. Google presents an alternative argument to the effect that if the Act is interpreted in the way that Plaintiffs allegedly propose, then the Act violates the Dormant Commerce Clause. See Case No. 16−cv−2714, R. 34 at 15–19. The Court shall distribute this entry to the Attorney General's Office as follows: (a) by U.S. mail to Attorney General Lisa Madigan, 100 West Randolph Street, Chicago, IL 60601, and to Solicitor General Carolyn Shapiro at the same address; and (b) via email to Solicitor General Carolyn Shapiro at cshapiro@atg.state.il.us. Second, as discussed during the status hearing, Plaintiffs will not object to the defense later raising a California choice−of−law argument as to Plaintiff Weiss later in the litigation. Third, Plaintiffs' response to the dismissal motion is due by 06/01/2016. The defense reply is due by 06/17/2016. Fourth, in order to avoid duplicative filings, and because the Rivera proposed class is a subset of the Weiss proposed class, the Clerk's Office shall terminate 16−cv−2870 and place the complaint in that case (R. 1) on the docket in 16−cv−2714 as another Complaint in 16−cv−2714. Plaintiffs' response will be in one filing on just the one docket (16−cv−2714), and the same goes for the defense reply |

| | | |
|---|---|---|
| | | and all future filings. Status hearing is set for 06/23/2016 at 10:30 a.m. Emailed and mailed notice (slb, ) (Entered: 05/25/2016) |
| 05/25/2016 | 35 | Notice by Google, Inc. *of Constitutional Challenge Pursuant to Federal Rule of Civil Procedure 5.1* (Fahringer, Susan) (Entered: 05/25/2016) |
| 05/26/2016 | 39 | NOTICE of Correction regarding 37 (lf, ) (Entered: 05/26/2016) |
| 05/27/2016 | 40 | *FIRST* AMENDED complaint by Lindabeth Rivera against Google, Inc. (Hedin, Frank) (Entered: 05/27/2016) |
| 05/27/2016 | 41 | *FIRST* AMENDED complaint by Joseph Weiss against Google, Inc. (Hedin, Frank) (Entered: 05/27/2016) |
| 05/27/2016 | 42 | Notice of Mootness of Constitutional Challenge by Lindabeth Rivera (Hedin, Frank) (Entered: 05/27/2016) |
| 05/27/2016 | 43 | Notice of Mootness of Constitutional Challenge by Joseph Weiss (Hedin, Frank) (Entered: 05/27/2016) |
| 06/01/2016 | 44 | STIPULATION *Regarding Google Inc.'s Motion to Dismiss the First Amended Complaints Filed by Plaintiffs Lindabeth Rivera and Joseph Weiss* (Carroll, Katrina) (Entered: 06/01/2016) |
| 06/08/2016 | 45 | MOTION by Plaintiffs Lindabeth Rivera, Joseph Weiss Agreed Motion Regarding Motion to Dismiss Plaintiffs' First Amended Complaints (Carroll, Katrina) (Entered: 06/08/2016) |
| 06/08/2016 | 46 | NOTICE of Motion by Katrina Carroll for presentment of motion for miscellaneous relief 45 before Honorable Edmond E. Chang on 6/15/2016 at 08:30 AM. (Carroll, Katrina) (Entered: 06/08/2016) |
| 06/10/2016 | 47 | MINUTE entry before the Honorable Edmond E. Chang: The agreed scheduling motion 45 is granted: Defendant shall file a combined motion to dismiss by 06/17/2016 (brief not to exceed 30 pages). Plaintiffs' combined response is due by 07/01/2016, also no more than 30 pages. Defendant's reply is due by 07/18/2016 (20–page maximum). The status hearing of 06/23/2016 is reset to 08/02/2016 at 10 a.m. Mailed notice (meg, ) (Entered: 06/10/2016) |
| 06/17/2016 | 48 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *(FIRST AMENDED COMPLAINTS)* (Fahringer, Susan) (Entered: 06/17/2016) |
| 06/17/2016 | 49 | MEMORANDUM by Google, Inc. in support of Motion to Dismiss for Failure to State a Claim 48 (Attachments: # 1 Exhibit A–D)(Fahringer, Susan) (Entered: 06/17/2016) |
| 06/17/2016 | 50 | NOTICE by Google, Inc. *of Constitutional Challenge Pursuant to Federal Rule of Civil Procedure 5.1* (Fahringer, Susan) (Entered: 06/17/2016) |
| 07/01/2016 | 51 | RESPONSE by Lindabeth Rivera, Joseph Weissin Opposition to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *(FIRST AMENDED COMPLAINTS)* 48 (Attachments: # 1 Exhibit A)(Carroll, Katrina) (Entered: 07/01/2016) |
| 07/18/2016 | 52 | REPLY by Defendant Google, Inc. in support of its consolidated motion to dismiss Plaintiff's first amended complaint pursuant to Fed.R.Civ.P.12(b)(6). (Fahringer, Susan) Docket Text Modified by Clerk's Office on 7/19/2016 (jh, ). (Entered: 07/18/2016) |
| 08/01/2016 | 53 | MINUTE entry before the Honorable Edmond E. Chang: In view of the fully briefed motion to dismiss 48 , the status hearing of 08/02/2016 is reset to 09/20/2016 at 9:15 AM.Emailed notice (slb, ) (Entered: 08/01/2016) |
| 09/16/2016 | 54 | MINUTE entry before the Honorable Edmond E. Chang:The Court has the motion to dismiss 48 under advisement. The status hearing of 09/20/2016 is reset to 11/08/2016 at 9:30 AM.Emailed notice (slb, ) (Entered: 09/16/2016) |
| 11/03/2016 | 55 | MINUTE entry before the Honorable Edmond E. Chang: The motion to dismiss 48 remains under advisement. The status hearing of 11/08/2016 is reset to 12/22/2016 at 10:30 AM.Emailed notice (slb, ) (Entered: 11/03/2016) |

| | | |
|---|---|---|
| 12/19/2016 | 56 | MINUTE entry before the Honorable Edmond E. Chang:The motion to dismiss 48 remains pending, so the status hearing of 12/22/2016 is reset to 01/27/2017 at 8:30 AM.Emailed notice (slb, ) (Entered: 12/19/2016) |
| 01/23/2017 | 57 | MINUTE entry before the Honorable Edmond E. Chang: The status hearing of 01/27/2017 is reset to 02/09/2017 at 9:45 a.m., as the Court still has the dismissal motion 48 under advisement. Emailed notice (slb, ) (Entered: 01/23/2017) |
| 02/08/2017 | 58 | MINUTE entry before the Honorable Edmond E. Chang: In light of the continued pendency of the dismissal motion 48 , the status hearing of 02/09/2017 is reset to 02/22/2017 at 10:00 AM.Emailed notice (slb, ) (Entered: 02/08/2017) |
| 02/20/2017 | 59 | MINUTE entry before the Honorable Edmond E. Chang: In view of the pending motion to dismiss 48 , the status hearing of 02/22/2017 is reset for 03/02/2017 at 09:15 AM. The Court does anticipate holding the status hearing on that date.Emailed notice (Chang, Edmond) (Entered: 02/20/2017) |
| 02/27/2017 | 60 | MEMORANDUM Opinion and Order signed by the Honorable Edmond E. Chang on 2/27/2017: For the reasons discussed in the Opinion Google's motions to dismiss 33 48 are denied. At the status hearing of 03/02/2017, the Court will set the discovery schedule.Emailed notice(Chang, Edmond) (Entered: 02/27/2017) |
| 03/02/2017 | 61 | ATTORNEY Appearance for Plaintiff Lindabeth Rivera by Ismael Tariq Salam (Salam, Ismael) (Entered: 03/02/2017) |
| 03/02/2017 | 62 | MINUTE entry before the Honorable Edmond E. Chang: Status hearing held. One of Plaintiff's counsel, Tina Wolfson, appeared by telephone; local counsel for Plaintiffs also appeared in court. As discussed during the hearing, Plaintiffs shall file a Second Amended Consolidated Complaint by 03/09/2017, for the sole purpose of administrative convenience. Defendant's answer to the consolidated complaint is due 04/17/2017. Defendant is deemed to have preserved all prior arguments made in the previously filed dismissal motions, so Defendant shall file a factual answer to the consolidated complaint. Rule 26(a)(1) disclosures due 03/27/2017. The first–round of written discovery requests to be issued no later than 04/10/2017. Fact discovery closes on 03/05/2018 as to the merits of Plaintiffs' individual claims, the propriety of class certification, and any defenses (such as those premised on extraterritorial application and the Dormant Commerce Clause). Defendant reported that they will be filing a 28 U.S.C. 1292(b) motion. Defendant's motion due 03/09/2017. Plaintiffs' response due 03/30/2017. Defense reply due 04/10/2017. Status hearing set for 06/09/2017 at 9:00 a.m. As noted during the hearing, the Court's staff will email a copy of docket entries R. 50, R. 60, and this entry to the Solicitor General of Illinois, David Franklin, at dfranklin@atg.state.il.us, to ensure that the Illinois Attorney General's Office is aware of the constitutional challenge to the state statute.Emailed and mailed notice (slb, ) (Entered: 03/03/2017) |
| 03/03/2017 | | MAILED a copy of docket entries #50, #60 and minute entry #62 to the Solicitor General of Illinois, David Franklin via email. (jjr, ) (Entered: 03/03/2017) |
| 03/07/2017 | 63 | SECOND AMENDED CONSOLIDATED COMPLAINT AMENDED complaint by Lindabeth Rivera, Joseph Weiss against Google, Inc. (Hedin, Frank) (Entered: 03/07/2017) |
| 03/09/2017 | 64 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752–12942379. (Katyal, Neal) (Entered: 03/09/2017) |
| 03/09/2017 | 65 | MINUTE entry before the Honorable Edmond E. Chang:Application by Neal Katyal to appear pro hac vice 64 is granted. Emailed notice (slb, ) (Entered: 03/09/2017) |
| 03/09/2017 | 66 | MOTION by Defendant Google, Inc. to amend/correct Order on Motion to Dismiss for Failure to State a Claim,,,, memorandum opinion and order, 60 , MOTION by Defendant Google, Inc. to stay Proceeding Pending Appeal (Katyal, Neal) (Entered: 03/09/2017) |
| 03/09/2017 | 67 | MEMORANDUM by Google, Inc. in support of motion to amend/correct, motion to stay, motion for relief,, 66 Pending Appeal (Katyal, Neal) (Entered: 03/09/2017) |
| 03/30/2017 | 68 | RESPONSE by Lindabeth Rivera, Joseph Weissin Opposition to MOTION by Defendant Google, Inc. to amend/correct Order on Motion to Dismiss for Failure to |

| | | |
|---|---|---|
| | | State a Claim,,,, memorandum opinion and order, <u>60</u> MOTION by Defendant Google, Inc. to stay *Proceeding Pending Appeal* <u>66</u> (Hedin, Frank) (Entered: 03/30/2017) |
| 04/10/2017 | <u>69</u> | REPLY by Defendant Google, Inc. to motion to amend/correct, motion to stay, motion for relief,, <u>66</u> (Katyal, Neal) (Entered: 04/10/2017) |
| 04/17/2017 | <u>70</u> | ANSWER to amended complaint *(Second)* by Google, Inc.(Bernard, Debra) (Entered: 04/17/2017) |
| 06/08/2017 | <u>71</u> | MINUTE entry before the Honorable Edmond E. Chang: On the Court's own initiative, the status hearing of 06/09/2017 is reset to 06/20/2017 at 10:00 a.m. The Court has the 1292(b) under advisement and will post an order in due course; meanwhile, discovery should continue forward. Emailed notice (slb, ) (Entered: 06/08/2017) |
| 06/16/2017 | <u>72</u> | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752–13283933. (Liu, Frederick) (Entered: 06/16/2017) |
| 06/19/2017 | <u>73</u> | MINUTE entry before the Honorable Edmond E. Chang: On the Court's own initiative, the status hearing of 06/20/2017 is reset for 06/28/2017 at 10:00 AM. Any attorney wishing to participate by phone may do so by providing a contact number to the courtroom deputy two business days in advance of the status hearing.Emailed notice (Chang, Edmond) (Entered: 06/19/2017) |
| 06/19/2017 | <u>74</u> | MINUTE entry before the Honorable Edmond E. Chang:Application by Liu Frederick to appear pro hac vice <u>72</u> on behalf of Defendant Google is granted.Emailed notice (slb, ) (Entered: 06/19/2017) |
| 06/23/2017 | <u>75</u> | **TRANSCRIPT OF PROCEEDINGS held on 3–2–17 before the Honorable Edmond E. Chang.**<br><br>Court Reporter Contact Information: Krista Flynn Burgeson, Krista_Burgeson@ilnd.uscourts.gov, 312–435–5567.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 7/14/2017. Redacted Transcript Deadline set for 7/24/2017. Release of Transcript Restriction set for 9/21/2017. (Burgeson, Krista) (Entered: 06/23/2017) |
| 06/27/2017 | <u>76</u> | ORDER signed by the Honorable Edmond E. Chang on 6/27/2017: For the reasons stated in the Order, Defendant's motion to certify 1292(b) appeal <u>66</u> is denied. But the Court raises a case management issue in the Order, and will solicit preliminary reactions, if any, at the next status hearing. Emailed notice(Chang, Edmond) (Entered: 06/27/2017) |
| 06/28/2017 | <u>77</u> | MINUTE entry before the Honorable Edmond E. Chang: Status hearing held. Out–of–town attorneys appeared by telephone for both sides; local counsel appeared in court for both sides. Counsel for both sides reported on the status of discovery: both sides had extended each other's response deadlines to 07/03/2017, in light of disputes over the confidentiality protective order and the ESI protocol. The Court fixed the deadline at 07/03/2017, so it is no longer extendable amongst the parties. If there remains a dispute over confidentiality as of that date, then the responses and documents shall be made under attorneys' eye's only protection, so that the lawyers at least are able to start reviewing the materials. If the parties are unable to reach an agreement as to the confidentiality protective order, then Defendant shall file a motion to enter its version of the order on 07/06/2017. Plaintiffs' response due 07/11/2017. By 07/24/2017, the parties shall have a conferral on the discovery responses, and on the appropriateness of limiting discovery to the merits of Plaintiffs' individual claims and Defendants's defenses, and postpone class–certification related discovery. By 07/28/2017, the parties shall file a position paper as to the areas of agreement and disagreements. Status hearing set for 08/10/2017 at 10:30 a.m. Emailed notice (slb, ) (Entered: 06/29/2017) |

| 07/06/2017 | 78 | MOTION by Defendant Google, Inc. for protective order *Motion for Entry of Agreed Confidentiality Order* (Bali, Sunita) (Entered: 07/06/2017) |
|---|---|---|
| 07/06/2017 | 79 | MOTION by Defendant Google, Inc. for discovery *Motion for Entry of Order RE: Discovery of Electronically Stored Information* (Bali, Sunita) (Entered: 07/06/2017) |
| 07/11/2017 | 80 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752−13363996. (Maya, Theodore) (Entered: 07/11/2017) |
| 07/11/2017 | 81 | MOTION by Plaintiffs Lindabeth Rivera, Joseph Weiss for Entry of Order Re: Discovery of Electronically Stored Information *(Joint Motion)* (Attachments: # 1 Exhibit A – Proposed Order Re: Discovery of Electronically Stored Information)(Hedin, Frank) (Entered: 07/11/2017) |
| 07/14/2017 | 82 | **TRANSCRIPT OF PROCEEDINGS held on 6−28−17 before the Honorable Edmond E. Chang.**<br><br>Court Reporter Contact Information: Krista Flynn Burgeson, Krista_Burgeson@ilnd.uscourts.gov, 312−435−5567.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 8/4/2017. Redacted Transcript Deadline set for 8/14/2017. Release of Transcript Restriction set for 10/12/2017. (Burgeson, Krista) (Entered: 07/14/2017) |
| 07/14/2017 | 83 | DOCUMENT REMOVED per court order of 7/26/2017. (Entered: 07/14/2017) |
| 07/14/2017 | 84 | DOCUMENT REMOVED per court order of 7/26/2017. (Entered: 07/14/2017) |
| 07/19/2017 | 85 | MINUTE entry before the Honorable Edmond E. Chang:Application by Theodore Maya to appear pro hac vice 80 is granted. Emailed notice (slb, ) (Entered: 07/19/2017) |
| 07/26/2017 | 86 | MINUTE entry before the Honorable Edmond E. Chang:Docket entries 83 and 84 was entered in error. The Court directs the Docket Clerk to remove Docket entries 83 and 84 from the docket. Emailed notice (slb, ) (Entered: 07/26/2017) |
| 07/28/2017 | 87 | Joint Statement Concerning Potential Bifurcation of Discovery by Lindabeth Rivera, Joseph Weiss (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Hedin, Frank) (Entered: 07/28/2017) |
| 08/07/2017 | 88 | MOTION by Defendant Google, Inc.for Leave to Supplement Position Statement in the Joint Statement Concerning Potential Bifurcation of Discovery (Fahringer, Susan) (Entered: 08/07/2017) |
| 08/07/2017 | 89 | NOTICE of Motion by Susan D Fahringer for presentment of motion for miscellaneous relief 88 before Honorable Edmond E. Chang on 8/10/2017 at 10:30 AM. (Fahringer, Susan) (Entered: 08/07/2017) |
| 08/09/2017 | 90 | MINUTE entry before the Honorable Edmond E. Chang: The agreed motion 81 to enter ESI order is granted. The order will be entered separately. In light of that order, Defendant's earlier motion to enter ESI order 79 is terminated as moot. Emailed notice (slb, ) (Entered: 08/09/2017) |
| 08/09/2017 | 91 | MINUTE entry before the Honorable Edmond E. Chang: The agreed motion for 78 confidentiality order is granted. The order will be entered on the docket separately.Emailed notice (slb, ) (Entered: 08/09/2017) |
| 08/10/2017 | 92 | AGREED Confidentiality Order Signed by the Honorable Edmond E. Chang on 8/10/2017:Emailed notice(slb, ) (Entered: 08/10/2017) |
| 08/10/2017 | 93 | ORDER Re: Discovery of Electronically Stored Information Signed by the Honorable Edmond E. Chang on 8/10/2017:Emailed notice(slb, ) (Entered: 08/10/2017) |

| 08/10/2017 | 94 | MINUTE entry before the Honorable Edmond E. Chang: Status hearing held on the bifurcation issue. Attorney Sunita Bali appeared by telephone on behalf of Defendant. Defendant's motion for leave to supplement position statement 88 is terminated as unnecessary. As detailed during the hearing, on balance, it is appropriate to bifurcate discovery so that merits/defenses discovery proceeds first on the individual claims, and if the claims survive, then take discovery on the propriety of class certification. As discussed during the hearing, to tamp down the risk that Defendant will unilaterally withhold discovery on the grounds that it relates only to certification, Defendant must clearly reveal, via an explanatory objection, each instance that it has responsive documents that it asserts is only certification–related, in order to enable Plaintiff to assess whether it should dispute that characterization. The same goes for interrogatory responses or answers to requests to admit: if Defendant is answering those types of discovery requests in a way that is influenced by the bifurcation, it must reveal and explain the impact of the bifurcation. The discovery deadline of 03/05/2018 for this phase of discovery remains in place for now. Among other things, the Court also urged the parties to prioritize Article III standing discovery, to the extent discovery is needed, to allow fulsome briefing on that issue sooner rather than later. Status hearing set for 10/17/2017 at 10:00 a.m. Emailed notice (slb, ) (Entered: 08/11/2017) |
| 08/11/2017 | | (Court only) Motion #79 is terminated [R.90]. (slb, ) (Entered: 08/11/2017) |
| 10/03/2017 | 95 | MINUTE entry before the Honorable Edmond E. Chang: At the parties request, the status hearing of 10/17/2017 is reset to 10/20/2017 at 09:30 a.m.Emailed notice (Chang, Edmond) (Entered: 10/03/2017) |
| 10/10/2017 | 96 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752–13668322. (King, Bradley) (Entered: 10/10/2017) |
| 10/12/2017 | 97 | **TRANSCRIPT OF PROCEEDINGS held on 8–10–17 before the Honorable Edmond E. Chang.**<br><br>Order Number: 28154.<br><br>Court Reporter Contact Information: Krista Flynn Burgeson, Krista_Burgeson@ilnd.uscourts.gov, 312–435–5567.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 11/2/2017. Redacted Transcript Deadline set for 11/13/2017. Release of Transcript Restriction set for 1/10/2018. (Burgeson, Krista) (Entered: 10/12/2017) |
| 10/16/2017 | 98 | MINUTE entry before the Honorable Edmond E. Chang: Application to appear pro hac vice 96 is granted. Mailed notice (ags, ) (Entered: 10/16/2017) |
| 10/20/2017 | 99 | MINUTE entry before the Honorable Edmond E. Chang: Status hearing held. Out–of–town attorneys appeared by telephone for both sides; local counsel appeared in court for both sides. Counsel reported on the status of discovery: there has been a rolling production of documents; the parties have been conferring on email search terms and pertinent custodians; the parties are considering a 12/2017 deposition of Plaintiffs. If there are any remaining disputes on search times, then Plaintiff shall move to compel on 11/01/2017. Defendant's response due 11/08/2017. Plaintiff's reply due 11/13/2017. The agreed–on terms should be run, however, to avoid holding up the overall production. On the threshold issue of standing, the Court sets an interim discovery deadline of 12/29/2017. The defense might seek leave to file an early summary judgment motion on standing, statutory injury, and liquidated damages; any such request must take 56(d) into account, although the standing issue does need to be resolved sooner rather than later. Status hearing set for 11/20/2017 at 9:30 a.m. Emailed notice (slb, ) (Entered: 10/24/2017) |

| | | |
|---|---|---|
| 10/26/2017 | 100 | NOTICE by Robert R Ahdoot of Change of Address *of Business* (Ahdoot, Robert) (Entered: 10/26/2017) |
| 11/01/2017 | 101 | MOTION by Plaintiffs Lindabeth Rivera, Joseph Weiss to compel *production of documents pursuant to Plaintiffs' proposed document custodians and search terms* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Wolfson, Tina) (Entered: 11/01/2017) |
| 11/08/2017 | 102 | RESPONSE by Google, Inc.in Opposition to MOTION by Plaintiffs Lindabeth Rivera, Joseph Weiss to compel *production of documents pursuant to Plaintiffs' proposed document custodians and search terms* 101 (Attachments: # 1 Exhibit A)(Fahringer, Susan) (Entered: 11/08/2017) |
| 11/08/2017 | 103 | DECLARATION regarding response in opposition to motion, 102 *KRISTIN ZMRHAL* (Fahringer, Susan) (Entered: 11/08/2017) |
| 11/09/2017 | 104 | RESPONSE by Google, Inc.in Opposition to MOTION by Plaintiffs Lindabeth Rivera, Joseph Weiss to compel *production of documents pursuant to Plaintiffs' proposed document custodians and search terms* 101 *(corrected opposition)* (Fahringer, Susan) (Entered: 11/09/2017) |
| 11/09/2017 | 105 | NOTICE of Motion by Sunita Bali for presentment of before Honorable Edmond E. Chang on 11/15/2017 at 08:30 AM. (Bali, Sunita) (Entered: 11/09/2017) |
| 11/09/2017 | 106 | MOTION by Defendant Google, Inc. to amend/correct response in opposition to motion, 102 , notice of motion 105 *Agreed Motion to Withdraw and Replace Attachment A to Google LLC's Opposition to Plaintiffs' Motion to Compel* (Attachments: # 1 Exhibit Exhibit 1)(Bali, Sunita) (Entered: 11/09/2017) |
| 11/13/2017 | 107 | MOTION by Plaintiffs Lindabeth Rivera, Joseph Weiss to seal *PORTIONS OF PLAINTIFFS REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS* (Wolfson, Tina) (Entered: 11/13/2017) |
| 11/13/2017 | 108 | NOTICE of Motion by Tina Wolfson for presentment of motion to seal 107 before Honorable Edmond E. Chang on 11/20/2017 at 09:30 AM. (Wolfson, Tina) (Entered: 11/13/2017) |
| 11/13/2017 | 109 | SEALED REPLY by Lindabeth Rivera, Joseph Weiss to MOTION by Plaintiffs Lindabeth Rivera, Joseph Weiss to compel *production of documents pursuant to Plaintiffs' proposed document custodians and search terms* 101 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12)(Wolfson, Tina) (Entered: 11/13/2017) |
| 11/13/2017 | 110 | REPLY by Lindabeth Rivera, Joseph Weiss to MOTION by Plaintiffs Lindabeth Rivera, Joseph Weiss to compel *production of documents pursuant to Plaintiffs' proposed document custodians and search terms* 101 *(Redacted for Public Filing)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 9, # 3 Exhibit 10, # 4 Exhibit 11, # 5 Exhibit 12)(Wolfson, Tina) (Entered: 11/13/2017) |
| 11/14/2017 | 111 | MINUTE entry before the Honorable Edmond E. Chang: Defendant's agreed motion 106 to replace Exhibit A to Defendant's opposition 102 is granted. The replacement will be effectuated as follows: the Clerk's Office shall maintain the seal on R. 102−1. R. 106−1 shall serve as Exhibit A.Emailed notice (slb, ) (Entered: 11/14/2017) |
| 11/14/2017 | 112 | MINUTE entry before the Honorable Edmond E. Chang: Plaintiff's motion 107 to file sealed reply and Exhibits 2−8 is granted. The Court will review again the propriety of sealing when considering the underlying motion.Emailed notice (slb, ) (Entered: 11/14/2017) |
| 11/14/2017 | 113 | NOTICE of Motion by Sunita Bali for presentment of before Honorable Edmond E. Chang on 11/20/2017 at 09:30 AM. (Bali, Sunita) (Entered: 11/14/2017) |
| 11/14/2017 | 114 | MOTION by Defendant Google, Inc. to amend/correct notice of motion 113 (Attachments: # 1 Exhibit A − Declaration of Sunita Bali in Support of Agreed Motion to Modify Caption, # 2 Exhibit B − [Proposed] Order Granting Agreed Motion to Modify Case Caption)(Bali, Sunita) (Entered: 11/14/2017) |

| 11/17/2017 | 115 | MINUTE entry before the Honorable Edmond E. Chang: The agreed motion 114 to modify caption is granted as follows: the Clerk's Office shall substitute Google LLC as the named Defendant, in lieu of Google, Inc. Emailed notice (slb, ) (Entered: 11/17/2017) |
|---|---|---|
| 11/20/2017 | 116 | MINUTE entry before the Honorable Edmond E. Chang: Status hearing held, as well as the motion hearing held on Plaintiffs' motion to compel 101 4 additional custodian searches and additional email search strings. Out–of–town counsel participated telephonically; local counsel appeared in court for both Plaintiffs and Defendant. As discussed during the hearing, the 4 additional persons need not be part of the records production (without prejudice to later conferral and motion practice if the other document production or 30(b)(6) deposition is insufficient). After some inquiry and discussion, the Court takes the search strings under advisement. The Court received the MS Word version of the table of disputed terms and will post a separate order later today. There too if an unexpectedly small or large number of emails is generated, or an unexpectedly large relative number of privileged emails is generated, then the parties may confer and file motions again. On the status of the case, the defense shall consider providing the then–completed portions of the privilege log on a rolling basis, once it is known that the privilege decisions are firm. The later the production of the privilege log, the greater risk that the early summary judgment motions will not be permitted to be filed until deeper into discovery or even the end of discovery. Case set for further status on 12/18/2017 at 11 a.m. Counsel may participate telephonically and should contact the Courtroom Deputy in advance of the 12/18/2017 status date. Mailed notice (lxs, ) (Entered: 11/20/2017) |
| 11/20/2017 | 117 | MINUTE entry before the Honorable Edmond E. Chang: The attached table reflects the decisions on the disputed search terms. The Court notes the following context for the decisions: first, insofar as the decisions are more limited than Plaintiffs' request, as confirmed during today's hearing, these searches (and the previously agreed–on searches) are *not* the means by which Defendant is obtaining non–email documents in response to document requests. In other words, the usual lawyer–client conferrals will assist in unearthing documents that are directly responsive to the document requests, so it is not as if these email queries are anywhere close to the sum total of records to be produced. Second, the agreed–on strings are substantial in and of themselves (particularly Agreed String No. 9). Having said that, insofar as the requests are broader than Defendant's proposals, the sheer number of discrete terms is not very persuasive, because Defendant is counting every term as 1 even if the term is a *limiter* of the string (e.g., connected with an AND connector) rather than an expansion of a string. Second, as discussed during today's hearing, the proximity search does not discount prepositions and articles, so a /5 proximity would seriously risk not hitting on any of proximity term or terms. Per the table, the motion to compel 101 is granted in part and denied in part as to search terms (the custodians aspect was denied earlier at the hearing, R. 116).Emailed notice (Attachments: # 1 Exhibit Table of Search Terms) (Chang, Edmond) (Entered: 11/20/2017) |
| 12/07/2017 | 118 | TRANSCRIPT OF PROCEEDINGS held on 11/20/17 before the Honorable Edmond E. Chang. Order Number: 29185. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 12/28/2017. Redacted Transcript Deadline set for 1/8/2018. Release of Transcript Restriction set for 3/7/2018. (Fennell, Kathleen) (Entered: 12/07/2017) |
| 12/18/2017 | 119 | MINUTE entry before the Honorable Edmond E. Chang: Status hearing held. Out–of–town counsel participated telephonically; local counsel appeared in court for both Plaintiffs and Defendant. As discussed during the hearing, in light of the intersection between standing and merits discovery, the defense will not be seeking leave to file an early summary judgment motion. The interim standing–discovery deadline of 12/29/2017 is vacated; the deadline for fact discovery on the permitted issues (merits, standing, extra–territoriality, and Dormant Commerce Clause) remains at 03/05/2018. Status hearing set for 02/09/2018 at 10:00 a.m.Emailed notice (slb, ) (Entered: 12/18/2017) |

| | | |
|---|---|---|
| 12/18/2017 | 120 | MOTION by Defendant Google, LLC For Entry of Agreed Orders Regarding Production of Documents *(Joint)* (Attachments: # 1 Exhibit A Filed Under Seal, # 2 Exhibit B Filed Under Seal, # 3 Exhibit C Redacted, # 4 Exhibit D Redacted)(Bali, Sunita) (Entered: 12/18/2017) |
| 12/18/2017 | 121 | SEALED MOTION by Defendant Google, LLC *(Joint) for Entry of Agreed Orders Regarding Production of Documents* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Bali, Sunita) (Entered: 12/18/2017) |
| 12/18/2017 | 122 | NOTICE of Motion by Sunita Bali for presentment of motion for miscellaneous relief, 120 , Sealed motion 121 before Honorable Edmond E. Chang on 12/21/2017 at 08:30 AM. (Bali, Sunita) (Entered: 12/18/2017) |
| 12/18/2017 | 123 | MOTION by Defendant Google, LLC for leave to file *Under Seal Portions of Proposed Orders Regarding Production of Documents (Agreed)* (Bali, Sunita) (Entered: 12/18/2017) |
| 12/18/2017 | 124 | NOTICE of Motion by Sunita Bali for presentment of motion for leave to file 123 before Honorable Edmond E. Chang on 12/21/2017 at 08:30 AM. (Bali, Sunita) (Entered: 12/18/2017) |
| 12/19/2017 | 125 | MINUTE entry before the Honorable Edmond E. Chang: The motions [120, 121, 123] for Stored Communications Act orders is granted. An under seal version and a public redacted version of each order will be entered on the docket. Emailed notice (slb, ) (Entered: 12/19/2017) |
| 12/19/2017 | 126 | AGREED Order Regarding Production of Documents. Signed by the Honorable Edmond E. Chang on 12/19/2017:Emailed notice(slb, ) (Entered: 12/19/2017) |
| 12/19/2017 | 127 | AGREED Order Regarding Production of Documents. Signed by the Honorable Edmond E. Chang on 12/19/2017:Emailed notice(slb, ) (Entered: 12/19/2017) |
| 12/19/2017 | 128 | (SEALED) AGREED Order Regarding Production of Documents Signed by the Honorable Edmond E. Chang on 12/19/2017:(slb, ) (Entered: 12/19/2017) |
| 12/19/2017 | 129 | (SEALED) AGREED Order Regarding Production of Documents. Signed by the Honorable Edmond E. Chang on 12/19/2017:(slb, ) (Entered: 12/19/2017) |
| 01/26/2018 | 130 | **TRANSCRIPT OF PROCEEDINGS held on 10–20–17 before the Honorable Edmond E. Chang. Order Number: 29271.**<br><br>Court Reporter Contact Information: Krista Flynn Burgeson, Krista_Burgeson@ilnd.uscourts.gov, 312–435–5567.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 2/16/2018. Redacted Transcript Deadline set for 2/26/2018. Release of Transcript Restriction set for 4/26/2018. (Burgeson, Krista) (Entered: 01/26/2018) |
| 01/26/2018 | 131 | **TRANSCRIPT OF PROCEEDINGS held on 11–20–17 before the Honorable Edmond E. Chang. Order Number: 29264.**<br><br>Court Reporter Contact Information: Krista Flynn Burgeson, Krista_Burgeson@ilnd.uscourts.gov, 312–435–5567.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. |

| | | Redaction Request due 2/16/2018. Redacted Transcript Deadline set for 2/26/2018. Release of Transcript Restriction set for 4/26/2018. (Burgeson, Krista) (Entered: 01/26/2018) |
|---|---|---|
| 01/26/2018 | 132 | **TRANSCRIPT OF PROCEEDINGS held on 12–18–17 before the Honorable Edmond E. Chang. Order Number: 29390.**<br><br>Court Reporter Contact Information: Krista Flynn Burgeson, Krista_Burgeson@ilnd.uscourts.gov, 312–435–5567.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 2/16/2018. Redacted Transcript Deadline set for 2/26/2018. Release of Transcript Restriction set for 4/26/2018. (Burgeson, Krista) (Entered: 01/26/2018) |
| 02/08/2018 | 133 | MINUTE entry before the Honorable Edmond E. Chang: On the Court's own initiative, the status hearing of 02/09/2018 is reset to 02/20/2018 at 10:30 AM. Emailed notice (slb, ) (Entered: 02/08/2018) |
| 02/20/2018 | 134 | MINUTE entry before the Honorable Edmond E. Chang: Status hearing held. Out–of–state attorneys for both sides appeared by telephone. Local counsel for both sides appeared in court. Counsel for both sides reported that discovery will close on time, or a week or so after, depending on the 30(b)(6) deposition for two topics (one designee). Ideally, the 30(b)(6) notice will be served today, but no later than 02/23/2018. The Court discussed the next steps: neither side seemed to think expert discovery was necessary, but this must be confirmed so that there is no surprise during the summary judgment briefing. Also, it would makes sense for Plaintiffs to cross–move on the defenses (and Plaintiffs might move on straight liability, without a cross–motion from the defense), but the Court hopes to reduce the briefs from six to four. By 03/19/2018, the parties shall file a status report on the next step, including a proposed briefing schedule on the cross motions for summary judgment. If there is a disagreement, then each party shall set forth their position in the same filing. Status hearing set for 03/22/2018 at 10:45 a.m. Emailed notice (slb, ) (Entered: 02/20/2018) |
| 03/12/2018 | 135 | MINUTE entry before the Honorable Edmond E. Chang:At the request of both sides, the status hearing of 03/22/2018 is reset to 04/04/2018 at 8:30 a.m. Emailed notice (slb, ) (Entered: 03/12/2018) |
| 03/19/2018 | 136 | MINUTE entry before the Honorable Edmond E. Chang: At the joint request of the parties, communicated via email to the courtroom deputy, the status report deadline is reset from 03/19/2018 to 03/28/2018, see R. 134. Emailed notice (slb, ) (Entered: 03/19/2018) |
| 03/28/2018 | 137 | STATUS Report *Joint Status Report* by Google, LLC (Bali, Sunita) (Entered: 03/28/2018) |
| 04/02/2018 | 138 | MOTION by Attorney Ismael T. Salam to withdraw as attorney for Lindabeth Rivera, Joseph Weiss. No party information provided (Carroll, Katrina) (Entered: 04/02/2018) |
| 04/02/2018 | 139 | NOTICE of Motion by Katrina Carroll for presentment of motion to withdraw as attorney 138 before Honorable Edmond E. Chang on 4/5/2018 at 08:30 AM. (Carroll, Katrina) (Entered: 04/02/2018) |
| 04/02/2018 | 140 | MINUTE entry before the Honorable Edmond E. Chang: Plaintiffs' motion for leave to withdraw the appearance of Ismael T. Salam 138 is granted. Emailed notice (slb, ) (Entered: 04/02/2018) |
| 04/04/2018 | 141 | MINUTE entry before the Honorable Edmond E. Chang: Status hearing held. Out–of–state attorneys for both sides appeared by telephone. Local counsel for both sides appeared in court. As discussed during the hearing, in order to ensure that expert discovery is truly not needed for the Article III and related statutory arguments, by |

| | | |
|---|---|---|
| | | 04/16/2018 the parties shall exchange written outlines of their arguments. On the same date, the parties shall submit a.pdf copy of their outline to chambers through the Proposed Order e−mail account. For now, unless one side files a motion to alter the schedule or unless ordered otherwise, Defendant's motion for summary judgment on Article III standing and related defenses due 04/23/2018. Plaintiffs' response and cross motion due 05/21/2018. Defendant's reply on its motion and response to Plaintiffs' motion due 06/18/2018. Plaintiffs' reply due 07/02/2018. Status hearing set for 08/07/2018 at 9:30 a.m.Emailed notice (slb, ) (Entered: 04/04/2018) |
| 04/13/2018 | 142 | NOTICE of Motion by Sunita Bali for presentment of before Honorable Edmond E. Chang on 4/18/2018 at 08:30 AM. (Bali, Sunita) (Entered: 04/13/2018) |
| 04/13/2018 | 143 | MOTION by Defendant Google, LLC for order *Requiring Plaintiffs to Disclose Whether They Intend to Rely on Expert Testimony in Connection with Google's Summary Judgment Motion on Standing and Related Issues and Any Related Cross−Motion* (Bali, Sunita) (Entered: 04/13/2018) |
| 04/17/2018 | 144 | MINUTE entry before the Honorable Edmond E. Chang: On the Court's own initiative, the hearing time on Defendant's motion 142 to compel is reset from 8:30 a.m. to 8:45 a.m. Emailed notice (slb, ) (Entered: 04/17/2018) |
| 04/18/2018 | 145 | MINUTE entry before the Honorable Edmond E. Chang: Motion hearing held on Defendant's motion for order requiring Plaintiffs to disclose expert plan 143 . Out−of−state attorneys for both sides appeared by telephone. Local counsel for both sides appeared in court. As discussed during the hearing, Plaintiffs reported that they will not be relying on expert testimony in connection with the summary judgment motions on standing and related issues. With that representation, the motion 143 is terminated. Defendant made a verbal request to extend the page limit of the summary judgment briefs. The request is granted. The principal briefs not to exceed 30 pages. The replies not to exceed 20 pages.Emailed notice (slb, ) (Entered: 04/18/2018) |
| 04/20/2018 | 146 | Notice of Withdrawal of Appearance by Lindabeth Rivera, Joseph Weiss *Frank S. Hedin* (Milian, David) (Entered: 04/20/2018) |
| 04/23/2018 | 147 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−14384459. (Solow, Sara) (Entered: 04/23/2018) |
| 04/23/2018 | 148 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−14384851. (Schmidt, Thomas) (Entered: 04/23/2018) |
| 04/23/2018 | 149 | MOTION by Defendant Google, LLC to seal *Certain Material in Connection with its Motion for Summary Judgment* (Attachments: # 1 Text of Proposed Order)(Fahringer, Susan) (Entered: 04/23/2018) |
| 04/23/2018 | 150 | NOTICE of Motion by Susan D Fahringer for presentment of motion to seal 149 before Honorable Edmond E. Chang on 4/26/2018 at 08:30 AM. (Fahringer, Susan) (Entered: 04/23/2018) |
| 04/23/2018 | 151 | MOTION by Defendant Google, LLC for summary judgment *on Standing and Related Defenses* (Fahringer, Susan) (Entered: 04/23/2018) |
| 04/23/2018 | 152 | SEALED DOCUMENT by Defendant Google, LLC *Memorandum of Law in Support of its Motion for Summary Judgment on Standing and Related Defenses* (Fahringer, Susan) (Entered: 04/23/2018) |
| 04/23/2018 | 153 | SEALED DOCUMENT by Defendant Google, LLC *Rule 56.1(a) Statement of Undisputed Material Facts* (Attachments: # 1 Declaration of Susan Fahringer and Exhibits A, B, C, D, E, F, H, I, K, # 2 Declaration of Teresa Ko, # 3 Declaration of Allen Porter)(Fahringer, Susan) (Entered: 04/23/2018) |
| 04/23/2018 | 154 | MEMORANDUM by Google, LLC in support of motion for summary judgment 151 *on Standing and Related Defenses* (Fahringer, Susan) (Entered: 04/23/2018) |
| 04/23/2018 | 155 | Rule 51.6(a) STATEMENT by Google, LLC *of Undisputed Material Facts (in Support of Motion for Summary Judgment Dkt. 151)* (Attachments: # 1 Declaration of Susan Fahringer and Exhibits A−O, # 2 Declaration of Teresa Ko, # 3 Declaration of Allen Porter)(Fahringer, Susan) (Entered: 04/23/2018) |

| 04/23/2018 | 156 | CERTIFICATE of Service by Susan D Fahringer on behalf of Google, LLC regarding MOTION by Defendant Google, LLC for summary judgment *on Standing and Related Defenses* 151 (Fahringer, Susan) (Entered: 04/23/2018) |
|---|---|---|
| 04/23/2018 | 157 | CERTIFICATE of Service by Susan D Fahringer on behalf of Google, LLC regarding MOTION by Defendant Google, LLC to seal *Certain Material in Connection with its Motion for Summary Judgment* 149 (Fahringer, Susan) (Entered: 04/23/2018) |
| 04/24/2018 | 158 | MINUTE entry before the Honorable Edmond E. Chang:Application by Sara Solow to appear pro hac vice 147 on behalf of Defendant Google is granted. Emailed notice (slb, ) (Entered: 04/24/2018) |
| 04/24/2018 | 159 | MINUTE entry before the Honorable Edmond E. Chang:Application by Thomas P. Schmidt to appear pro hac vice 148 on behalf of Defendant Google is granted.Emailed notice (slb, ) (Entered: 04/24/2018) |
| 04/24/2018 | 160 | MINUTE entry before the Honorable Edmond E. Chang: Defendant's motion 149 to seal the items specified in the motion is granted, although the Court will review again the propriety of sealing when evaluating the underlying motion. Emailed notice (slb, ) (Entered: 04/24/2018) |
| 04/26/2018 | 161 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752–14402695. (Spear, Ryan) (Entered: 04/26/2018) |
| 04/30/2018 | 162 | MINUTE entry before the Honorable Edmond E. Chang:Application by Ryan Spear to appear pro hac vice 161 on behalf of Defendant Google is granted.Emailed notice (slb, ) (Entered: 04/30/2018) |
| 05/08/2018 | 163 | NOTICE by Katrina Carroll of Change of Address (Carroll, Katrina) (Entered: 05/08/2018) |
| 05/08/2018 | 164 | NOTICE by Kyle Alan Shamberg of Change of Address (Shamberg, Kyle) (Entered: 05/08/2018) |
| 05/15/2018 | 165 | ATTORNEY Appearance for Defendant Google, LLC by Ryan Spear (Spear, Ryan) (Entered: 05/15/2018) |
| 05/21/2018 | 166 | RESPONSE by Lindabeth Rivera, Joseph Weissin Opposition to MOTION by Defendant Google, LLC for summary judgment *on Standing and Related Defenses* 151 (Attachments: # 1 Plaintiffs Responses to Defendants Statement of Undisputed Material Facts in Support of Opposition To Motion For Summary Judgment On Standing And Related Issues, # 2 Declaration of Theodore Maya with Exhibits, # 3 Declaration of Joseph Weiss)(Carroll, Katrina) (Entered: 05/21/2018) |
| 05/21/2018 | 167 | SEALED RESPONSE by Lindabeth Rivera, Joseph Weiss to MOTION by Defendant Google, LLC for summary judgment *on Standing and Related Defenses* 151 (Attachments: # 1 Plaintiffs Responses to Defendants Statement of Undisputed Material Facts in Support of Opposition To Motion For Summary Judgment On Standing And Related Issues)(Carroll, Katrina) (Entered: 05/21/2018) |
| 05/21/2018 | 168 | MOTION by Plaintiffs Lindabeth Rivera, Joseph Weiss to seal (Carroll, Katrina) (Entered: 05/21/2018) |
| 05/21/2018 | 169 | NOTICE of Motion by Katrina Carroll for presentment of motion to seal 168 before Honorable Edmond E. Chang on 5/24/2018 at 08:30 AM. (Carroll, Katrina) (Entered: 05/21/2018) |
| 05/22/2018 | 170 | SEALED DOCUMENT by Plaintiffs Lindabeth Rivera, Joseph Weiss *Exhibits D–K to Declaration of Theodore Maya* (Carroll, Katrina) (Entered: 05/22/2018) |
| 05/22/2018 | 171 | MINUTE entry before the Honorable Edmond E. Chang: Plaintiffs' motion 168 to seal is provisionally granted. The Court will review the propriety of sealing when considering the underlying motion. Emailed notice (slb, ) (Entered: 05/22/2018) |
| 05/30/2018 | 172 | MINUTE entry before the Honorable Edmond E. Chang: In light of the Court's trial schedule, the status hearing of 08/07/2018 is reset to 08/13/2018 at 9:00 a.m.Emailed notice (slb, ) (Entered: 05/30/2018) |

| | | |
|---|---|---|
| 05/31/2018 | 173 | **TRANSCRIPT OF PROCEEDINGS held on 2–20–18 before the Honorable Edmond E. Chang. Order Number: 30155.**<br><br>Court Reporter Contact Information: Krista Flynn Burgeson, Krista_Burgeson@ilnd.uscourts.gov, 312–435–5567.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 6/21/2018. Redacted Transcript Deadline set for 7/2/2018. Release of Transcript Restriction set for 8/29/2018. (Burgeson, Krista) (Entered: 05/31/2018) |
| 05/31/2018 | 174 | **TRANSCRIPT OF PROCEEDINGS held on 4–4–18 before the Honorable Edmond E. Chang. Order Number: 30464.**<br><br>Court Reporter Contact Information: Krista Flynn Burgeson, Krista_Burgeson@ilnd.uscourts.gov, 312–435–5567.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 6/21/2018. Redacted Transcript Deadline set for 7/2/2018. Release of Transcript Restriction set for 8/29/2018. (Burgeson, Krista) (Entered: 05/31/2018) |
| 06/04/2018 | 175 | NOTICE by Lindabeth Rivera, Joseph Weiss *Notice of Supplemental Authority in Further Opposition to Defendant Google, LLC's Motion for Summary Judgment* (Attachments: # 1 Exhibit A)(Carroll, Katrina) (Entered: 06/04/2018) |
| 06/07/2018 | 176 | MINUTE entry before the Honorable Edmond E. Chang: At the request of Defendant and without objection by Plaintiffs, the status hearing of 08/13/2018 is reset to 08/15/2018 at 10:00 a.m Emailed notice (slb, ) (Entered: 06/07/2018) |
| 06/18/2018 | 177 | MOTION by Defendant Google, LLC to seal *Certain Material In Connection with its Reply in Support of its Motion for Summary Judgment* (Attachments: # 1 Text of Proposed Order)(Fahringer, Susan) (Entered: 06/18/2018) |
| 06/18/2018 | 178 | NOTICE of Motion by Susan D Fahringer for presentment of motion to seal 177 before Honorable Edmond E. Chang on 6/21/2018 at 08:30 AM. (Fahringer, Susan) (Entered: 06/18/2018) |
| 06/18/2018 | 179 | SEALED REPLY by Google, LLC to MOTION by Defendant Google, LLC for summary judgment *on Standing and Related Defenses* 151 , memorandum in support of motion 154 (Attachments: # 1 Exhibit Responses to Plaintiffs' Statement of Additional Facts)(Fahringer, Susan) (Entered: 06/18/2018) |
| 06/18/2018 | 180 | REPLY by Defendant Google, LLC to motion for summary judgment 151 , memorandum in support of motion 154 *(Redacted)* (Attachments: # 1 Exhibit Responses to Plaintiffs' Statement of Additional Facts)(Fahringer, Susan) (Entered: 06/18/2018) |
| 06/18/2018 | 181 | CERTIFICATE of Service (Fahringer, Susan) (Entered: 06/18/2018) |
| 06/20/2018 | 182 | MINUTE entry before the Honorable Edmond E. Chang: Defendant's motion 177 to file reply brief and responses under seal is granted, although the Court will review the propriety of sealing again when considering the underlying motion. Mailed notice (mw, ) (Entered: 06/20/2018) |

| 07/09/2018 | 183 | MOTION by Plaintiffs Lindabeth Rivera, Joseph Weiss to compel (Attachments: # 1 Declaration of Tina Wolfson)(Carroll, Katrina) (Entered: 07/09/2018) |
|---|---|---|
| 07/09/2018 | 184 | NOTICE of Motion by Katrina Carroll for presentment of motion to compel 183 before Honorable Edmond E. Chang on 7/12/2018 at 08:30 AM. (Carroll, Katrina) (Entered: 07/09/2018) |
| 07/09/2018 | 185 | SEALED DOCUMENT by Plaintiffs Lindabeth Rivera, Joseph Weiss (Attachments: # 1 Exhibit 1 to Tina Wolfson's Declaration, # 2 Exhibit 2 to Tina Wolfson's Declaration, # 3 Exhibit 3 to Tina Wolfson's Declaration, # 4 Exhibit 4 to Tina Wolfson's Declaration, # 5 Exhibit 5 to Tina Wolfson's Declaration, # 6 Exhibit 6 to Tina Wolfson's Declaration, # 7 Exhibit 7 to Tina Wolfson's Declaration, # 8 Exhibit 8 to Tina Wolfson's Declaration, # 9 Exhibit 9 to Tina Wolfson's Declaration, # 10 Exhibit 10 to Tina Wolfson's Declaration, # 11 Exhibit 11 to Tina Wolfson's Declaration, # 12 Exhibit 12 to Tina Wolfson's Declaration, # 13 Exhibit 13 to Tina Wolfson's Declaration, # 14 Exhibit 14 to Tina Wolfson's Declaration, # 15 Exhibit 15 to Tina Wolfson's Declaration, # 16 Exhibit 16 to Tina Wolfson's Declaration, # 17 Exhibit 17 to Tina Wolfson's Declaration, # 18 Exhibit 18 to Tina Wolfson's Declaration, # 19 Exhibit 19 to Tina Wolfson's Declaration, # 20 Exhibit 20 to Tina Wolfson's Declaration, # 21 Exhibit 21 to Tina Wolfson's Declaration, # 22 Exhibit 22 to Tina Wolfson's Declaration, # 23 Exhibit 23 to Tina Wolfson's Declaration, # 24 Exhibit 24 to Tina Wolfson's Declaration, # 25 Exhibit 25 to Tina Wolfson's Declaration, # 26 Exhibit 26 to Tina Wolfson's Declaration, # 27 Exhibit 27 to Tina Wolfson's Declaration, # 28 Exhibit 28 to Tina Wolfson's Declaration, # 29 Exhibit 29 to Tina Wolfson's Declaration, # 30 Exhibit 30 to Tina Wolfson's Declaration, # 31 Exhibit 31 to Tina Wolfson's Declaration, # 32 Exhibit 32 to Tina Wolfson's Declaration)(Carroll, Katrina) (Entered: 07/09/2018) |
| 07/09/2018 | 186 | MOTION by Plaintiffs Lindabeth Rivera, Joseph Weiss to seal (Carroll, Katrina) (Entered: 07/09/2018) |
| 07/09/2018 | 187 | NOTICE of Motion by Katrina Carroll for presentment of motion to seal 186 before Honorable Edmond E. Chang on 7/12/2018 at 08:30 AM. (Carroll, Katrina) (Entered: 07/09/2018) |
| 07/11/2018 | 188 | MINUTE entry before the Honorable Edmond E. Chang: Plaintiffs' motion 186 to file sealed version of motion to compel is granted. The Court will review the propriety of sealing when considering the underlying substantive motion. Emailed notice (slb, ) (Entered: 07/11/2018) |
| 07/11/2018 | 189 | MINUTE entry before the Honorable Edmond E. Chang: The parties called the courtroom deputy on a conference call to propose an agreed briefing schedule on Plaintiffs' motion 183 to compel. The request is granted: Defendant's response is due by 07/26/2018 and Plaintiffs' reply is due by 08/03/2018. The motion hearing of 07/12/2018 is vacated. Emailed notice (slb, ) (Entered: 07/11/2018) |
| 07/26/2018 | 190 | MOTION by Defendant Google, LLC to seal *Certain Material In Connection with its Opposition to Plaintiffs' Motion to Compel* (Attachments: # 1 Text of Proposed Order)(Fahringer, Susan) (Entered: 07/26/2018) |
| 07/26/2018 | 191 | NOTICE of Motion by Susan D Fahringer for presentment of motion to seal 190 before Honorable Edmond E. Chang on 7/31/2018 at 08:30 AM. (Fahringer, Susan) (Entered: 07/26/2018) |
| 07/26/2018 | 192 | SEALED RESPONSE *Google LLC's Memorandum of Law in Opposition to Plaintiffs' Motion to Compel* (Fahringer, Susan) (Entered: 07/26/2018) |
| 07/26/2018 | 193 | SEALED DOCUMENT by Defendant Google, LLC *Declaration of Susan D. Fahringer in Support of Google LLC's Opposition to Plaintiff's Motion to Compel* (Fahringer, Susan) (Entered: 07/26/2018) |
| 07/26/2018 | 194 | RESPONSE by Google, LLCin Opposition to MOTION by Defendant Google, LLC to seal *Certain Material In Connection with its Opposition to Plaintiffs' Motion to Compel* 190 *(Redacted)* (Fahringer, Susan) (Entered: 07/26/2018) |
| 07/26/2018 | 195 | DECLARATION of Susan D. Fahringer regarding motion to seal 190 , response in opposition to motion 194 *(public version)* (Fahringer, Susan) (Entered: 07/26/2018) |

| 07/26/2018 | 196 | DECLARATION of Allen Porter regarding response in opposition to motion 194 (Fahringer, Susan) (Entered: 07/26/2018) |
|---|---|---|
| 07/26/2018 | 197 | DECLARATION of Andre Golueke regarding response in opposition to motion 194 (Fahringer, Susan) (Entered: 07/26/2018) |
| 07/27/2018 | 198 | MINUTE entry before the Honorable Edmond E. Chang: Defendant's motion 190 to seal portions of the response and declarations is granted, subject to review of the propriety of sealing when reviewing the underlying motion. Emailed notice (slb, ) (Entered: 07/27/2018) |
| 08/03/2018 | 199 | REPLY by Plaintiffs Lindabeth Rivera, Joseph Weiss to motion to compel 183 (Maya, Theodore) (Entered: 08/03/2018) |
| 08/14/2018 | 200 | MINUTE entry before the Honorable Edmond E. Chang: Plaintiffs' motion 183 to compel records over the attorney–client privilege assertion is denied in part and denied without prejudice in part. To the extent that Plaintiffs seek to compel the records in order to incorporate them into the summary judgment briefing, the motion is denied as untimely brought. When discovery deadlines are set, parties must bear in mind the need to surface discovery disputes in *advance* of the deadline. That was not done here, at least as to the discovery on the issues that would be the subject of the summary judgment briefing. The Court set forth the detailed plan back on 08/10/2018, R. 94, setting a first–phase deadline of 03/05/2018. The Court did encourage the defense to produce the privilege log sooner rather than later, of at least on a rolling basis. R. 116. But that was back on 11/20/2017, and if Plaintiffs had a complaint about the log, then they should have raised it much, much earlier than *after* the close of discovery and *after* the briefing on the summary judgment motion. Plaintiffs' response on the summary judgment motion came and went on 05/21/2018 without raising the privilege issue. The motion was finally filed on 07/09/2018, three weeks after Defendant's reply was filed. So the motion to compel comes too late for consideration on the summary judgment motion, and for that purpose, it is denied. If the summary judgment motion is denied, then Plaintiffs will have an opportunity to re–raise the issue; to that extent only, the denial is without prejudice. In light of the fully briefed summary judgment motion, the status hearing of 08/15/2018 is reset to 10/10/2018 at 10:00 a.m. The parties may file a written status report if they believe that pertinent information should be brought to the Court's attention before the next status hearing. Emailed notice (slb, ) (Entered: 08/14/2018) |
| 10/09/2018 | 201 | MINUTE entry before the Honorable Edmond E. Chang: In light of the fully briefed summary judgment motion, the status hearing of 10/10/2018 is reset to 12/20/2018 at 9:00 AM.Emailed notice (slb, ) (Entered: 10/09/2018) |
| 10/18/2018 | 202 | NOTICE OF SUPPLEMENTAL AUTHORITY by Lindabeth Rivera, Joseph Weiss (Carroll, Katrina) (Entered: 10/18/2018) |
| 10/18/2018 | 203 | SUPPLEMENT to sealed document 152 , sealed document, 153 *PLAINTIFFS NOTICE OF SUPPLEMENTAL INFORMATION IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT ON STANDING AND RELATED DEFENSES* (Maya, Theodore) (Entered: 10/18/2018) |
| 12/17/2018 | 204 | SUPPLEMENT to sealed document 152 , sealed document, 153 *Plaintiffs' Notice of Newly Arising Facts in Opposition to Defendant's Motion for Summary Judgment on Standing and Related Defenses* (Attachments: # 1 Exhibit A)(King, Bradley) (Entered: 12/17/2018) |
| 12/18/2018 | 205 | MINUTE entry before the Honorable Edmond E. Chang: In light of the pending summary judgment motion, the status hearing of 12/20/2018 is reset to 01/22/2019 at 08:30 AM.Emailed notice (eec) (Entered: 12/18/2018) |
| 12/29/2018 | 206 | (SEALED) MEMORANDUM Opinion and Order signed by the Honorable Edmond E. Chang on 12/29/2018. This is the under–seal version of the opinion. For the reasons stated in the Opinion, Defendant Google's motion 151 for summary judgment is granted. The case is dismissed for lack of subject matter jurisdiction, because Plaintiffs have not alleged an injury–in–fact. The status hearing of 01/22/2019 is vacated. A separate AO–450 judgment will be entered. Civil case terminated. Mailed notice (cn). (Entered: 12/29/2018) |

| | | |
|---|---|---|
| 12/29/2018 | 207 | MEMORANDUM Opinion and Order signed by the Honorable Edmond E. Chang on 12/29/2018. This is the public redacted version of the opinion. For the reasons stated in the Opinion, Defendant Google's motion 151 for summary judgment is granted. The case is dismissed for lack of subject matter jurisdiction, because Plaintiffs have not alleged an injury–in–fact. The status hearing of 01/22/2019 is vacated. A separate AO–450 judgment will be entered. Civil case terminated. Mailed notice (cn). (Entered: 12/29/2018) |
| 12/29/2018 | 208 | ENTERED JUDGMENT on 12/29/2018. Mailed notice (cn). (Entered: 12/29/2018) |
| 01/07/2019 | 209 | NOTICE of Motion by Sunita Bali for presentment of before Honorable Edmond E. Chang on 1/10/2019 at 09:30 AM. (Attachments: # 1 Google LLC's Motion for Leave to Withdraw Sara A. Solow as Counsel of Record, # 2 Proposed Order Granting Google LLC's Motion for Leave to Withdraw Sara A. Solow as Counsel of Record)(Bali, Sunita) (Entered: 01/07/2019) |
| 01/08/2019 | 210 | MOTION by Defendant Google, LLC to withdraw *Sara A. Solow as Counsel of Record* (Attachments: # 1 Proposed Order)(Bali, Sunita) (Entered: 01/08/2019) |
| 01/08/2019 | 211 | NOTICE of Motion by Sunita Bali for presentment of motion to withdraw 210 before Honorable Edmond E. Chang on 1/10/2019 at 09:30 AM. (Bali, Sunita) (Entered: 01/08/2019) |
| 01/09/2019 | 212 | MINUTE entry before the Honorable Edmond E. Chang: Motion by Defendant Google, LLC to withdraw Sara A. Solow as counsel of record [209, 210] is granted. Emailed notice (slb, ) (Entered: 01/09/2019) |
| 01/24/2019 | 213 | NOTICE of appeal by Lindabeth Rivera, Joseph Weiss regarding orders 207 , 206 , 208 Filing fee $ 505, receipt number 0752–15409934. Receipt number: n (Wolfson, Tina) (Entered: 01/24/2019) |
| 01/25/2019 | 214 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 213 (lf, ) (Entered: 01/25/2019) |